*In re* RAFAEL RODRÍGUEZ MENA, querellado.

*Número:* 2944          *Resuelto:* 30 de abril de 1990

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías,* querellante; *Rafael Rodríguez Mena, pro se.*

PER CURIAM: El Lic. Rafael Rodríguez Mena fue admitido al ejercicio de la abogacía el 7 de junio de 1967 y prestó juramento como notario el 26 de junio del mismo año.

El 18 de octubre de 1988 el Lic. Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías, nos informó que el notario de epígrafe no rendía índices notariales desde julio de 1987. Anteriormente el notario había dejado de rendir los índices correspondientes a los meses de enero a mayo de 1987. El abogado alegó, en esa ocasión, que su incumplimiento se debía a la imposibilidad de conseguir ayuda secretarial en el Municipio de Culebra.

El 3 de noviembre de 1988 ordenamos al licenciado Rodríguez Mena que procediera a rendir los índices notariales a que hacía referencia el Informe del Director de la Oficina de Inspección de Notarías. También se le ordenó que mostrara causa por la cual no debía ser disciplinado.

El licenciado Rodríguez Mena hizo caso omiso de esta orden. En vista de ello, el 12 de enero de 1989 ordenamos la incautación de su obra notarial, lo suspendimos permanentemente del notariado y le concedimos un término de treinta (30) días para que mostrara causa por la cual no debía ser disciplinado como abogado.

El 10 de febrero de 1989 compareció el licenciado Rodríguez Mena y planteó que durante los últimos tres (3) años toda su

práctica legal se había limitado a brindar ayuda gratuita y que durante los últimos siete (7) meses su "estado de ánimo" y "salud física y emocional" no habían sido buenas.

Solicitó que se le permitiera retirarse de la profesión de una manera "honorable".

El 13 de junio de 1989 el Director de la Oficina de Inspección de Notarías nos informó el resultado del examen de los protocolos y registros de afidávit del licenciado Rodríguez Mena. Nos señaló las deficiencias detectadas en su obra notarial previamente incautada correspondientes a 1984–1985.

El Director de la Oficina de Inspección de Notarías nos informó que al licenciado Rodríguez Mena se le proveyó la oportunidad para que corrigiera las deficiencias en su obra notarial pero que éste, aun cuando visitó su oficina en una ocasión y realizó algunas correcciones, ha dejado faltas como: ausencia de la firma y rúbrica del notario, falta de impuesto notarial y ausencia de la firma de un otorgante en una de las escrituras. Véanse: Arts. 10 y 34(3) de la nueva Ley Notarial de Puerto Rico, 4 L.P.R.A. secs. 2021 y 2052(3), respectivamente; *Sucn. Santos v. Registrador*, 108 D.P.R. 831 (1979).

Mediante Resolución de 26 de octubre de 1989 concedimos nuevamente término al licenciado Rodríguez Mena para que corrigiera su obra notarial correspondiente a 1984–1985. El Director de la Oficina de Inspección de Notarías nos ha informado que el licenciado Rodríguez Mena ha hecho caso omiso a dicho requerimiento.

I

■ La notaría es función de cuidado que debe ser ejercida con suma diligencia y celo profesional. *In re Alvarado Tizol*, 122 D.P.R. 587 (1988).

■ El notario, como depositario de la fe pública, de la confianza de los particulares y del poder público, ha de tener un grado de responsabilidad considerable. *In re Del Río Rivera y Otero Fernández*, 118 D.P.R. 339 (1987).

■ Mediante los actos notariales, no sólo se afectan los intereses de quienes intervienen como partes, sino también de aquellos que tienen relaciones jurídicas con ellos. *In re Del Río Rivera y Otero Fernández*, supra. Por ello es que los notarios están obligados a cumplir estrictamente con lo dispuesto en la Ley Notarial de Puerto Rico, en los cánones de ética profesional y en el contrato con las partes. La inobservancia de tal obligación los expone a la acción disciplinaria correspondiente. *In re Alvarado Tizol*, supra; *In re Raya*, 117 D.P.R. 797 (1986); *In re Cruz Tollinche*, 114 D.P.R. 205 (1983).

## II

El licenciado Rodríguez Mena ha incumplido reiteradamente tanto con las exigencias de la Ley Notarial de Puerto Rico como con los propios requerimientos del Director de la Oficina de Inspección de Notarías.

*Más aún*, el licenciado Rodríguez Mena *ha hecho caso omiso a los requerimientos de este Tribunal, aunque ya había sido advertido de que podía ser sancionado como abogado.* Ello lo descualifica para el ejercicio de la abogacía.

Las razones aducidas para que permitamos su retiro de la abogacía, en forma "honorable", no nos persuaden. Particularmente en esta etapa del procedimiento disciplinario y cuando éste, durante dicho proceso, ha hecho caso omiso de los requerimientos del Director de la Oficina de Inspección de Notarías y de este Tribunal.

Por todo lo anterior, *se separa al Lcdo. Rafael Rodríguez Mena indefinidamente del ejercicio de la abogacía.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton no intervino.