*In re* TEDDY RODRÍGUEZ PÉREZ, querellado.

*Número:* AB-2002-65          *Resuelto:* 14 de diciembre de 2005

*Roberto J. Sánchez Ramos*, procurador general; *Teddy Rodrí-guez Pérez*, querellado; *Rafael Martínez Massanet*, abo-gado del querellado.

PER CURIAM: El Sr. Rafael Martínez Massanet se querelló ante la Oficina del Procurador General de Puerto Rico con-tra el abogado Teddy Rodríguez Pérez en relación con la representación legal de parte de este abogado en una ape-lación que él interpuso ante la Junta de Apelaciones del Sistema de Administración de Personal, contra una deci-sión del Superintendente de la Policía de Puerto Rico de expulsarlo de dicha agencia gubernamental.

Rodríguez Pérez originalmente contestó la queja; negó las alegaciones de Martínez Massanet. Posteriormente, la

Oficina del Procurador General requirió cierta información, necesaria para la correcta solución de la queja contra Rodríguez Pérez. Éste *no* contestó los requerimientos que, a esos efectos, le hiciera dicha Oficina.

En vista a ello, el Procurador General compareció ante este Tribunal —mediante un Informe Preliminar de 1 de octubre de 2002— para que ordenáramos a Rodríguez Pérez cumplir con lo requerido. Mediante Resolución de 22 de octubre de 2002, instruimos al licenciado Rodríguez Pérez para que así lo hiciera.(¹) Desde ese entonces, y a pesar de las *varias* Resoluciones que hemos emitido a esos efectos, hemos estado, pacientemente, en espera del cumplimiento y de la comparecencia de Rodríguez Pérez.(²) Debe enfatizarse el hecho de que la última de estas Resoluciones —la de 24 de junio de 2005— le fue notificada *personalmente* a Rodríguez Pérez por un alguacil de este Tribunal el 7 de julio del presente año. *No* ha comparecido. Resolvemos.

## I

Uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. *Se trata del deber de todo abogado de atender y cumplir con los requerimientos y las órdenes de este Tribunal.* Sobre este particular hemos sido *enfáticos* al señalar que la naturaleza y práctica de la abogacía *requieren una escrupulosa atención y obediencia a las órdenes de este Tribunal,* particularmente en la esfera de la conducta profesional.

Asimismo, hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico

---

(¹) En dicha Resolución exigimos de Rodríguez Pérez que, luego de cumplir con los requerimientos del Procurador General, le *certificara* "a la Secretaria del Tribunal Supremo su cumplimiento con lo aquí ordenado".

(²) Se han emitido varias Resoluciones a esos efectos: 17 de octubre de 2003; 19 de diciembre de 2003; 5 de mayo de 2004, y 24 de junio de 2005.

íntegro y eficaz —con el propósito de lograr la más completa confianza y apoyo de la ciudadanía— se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. *In re Ríos Acosta I*, 143 D.P.R. 128 (1997). De acuerdo con lo anterior, hemos señalado que, *independientemente* de los méritos de las quejas presentadas en contra de un abogado, éste tiene *la obligación ineludible* de responder prontamente a nuestros requerimientos. *In re Rodríguez Mena*, 126 D.P.R. 205 (1990).

█ La desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, en lo que concierne a la exigencia de respeto hacia los tribunales. *In re Salichs Martínez*, 131 D.P.R. 481 (1992). De más está decir que en estas situaciones —de renuencia a cumplir con nuestras órdenes— procede la suspensión temporal del ejercicio de la abogacía. *In re Osorio Díaz*, 146 D.P.R. 39 (1998); *In re González Albarrán*, 139 D.P.R. 543 (1995); *In re Serrano Mangual*, 139 D.P.R. 602 (1995); *In re Bonaparte Rosaly*, 131 D.P.R. 908 (1992); *In re Colón Torres*, 129 D.P.R. 490 (1991).

## II

De todo lo antes expuesto, resulta obvio no sólo que Teddy Rodríguez Pérez *no* interesa seguir ejerciendo la honrosa profesión de abogado en nuestra jurisdicción, sino que procede que decretemos su separación indefinida e inmediata del ejercicio de la profesión hasta tanto comparezca y este Tribunal determine, a base de su comparecencia, si resulta meritoria su reinstalación.

*Se dictará Sentencia de conformidad.*

La Juez Asociada Señora Rodríguez Rodríguez no intervino.