per curiam:
El 12 de mayo de 2005, la Secretaria del Tribunal Supremo, Leda. Aida Ileana Oquendo Graulau, envió una carta al abogado Abel Robles Cirino mediante la cual le informó de una queja (Núm. AB-2005-097) presentada contra él por la Sra. Ana A. Márquez García y le concedió el término de diez días para que se expresara.
El abogado Robles Cirino compareció mediante una moción informativa. Inconforme con lo expresado por el abogado Robles Cirino, la parte querellada compareció mediante comunicación de 16 de septiembre de 2005. En vista de ello, el 29 de septiembre de 2005 concedimos el término de quince días al abogado Robles Cirino para que se expresara sobre la comunicación de la querellada. Este no compareció, por lo que el 10 de febrero de 2006 le concedimos un nuevo término de quince días “para cumplir con nuestra Resolución del 29 de septiembre de 2005”. Resolución de 10 de febrero de 2006. Se le apercibió, además, de “que el incumplimiento con esta Resolución conllevará su suspensión inmediata del ejercicio profesional”. Id. Dicha resolución fue notificada personalmente el 15 de febrero de 2006. Este no ha comparecido.
Por otro lado, el 25 de octubre de 2005, la Secretaria del Tribunal Supremo, licenciada Oquendo Graulau, le envió otra carta al abogado Abel Robles Cirino mediante la cual le informó de una segunda queja (Núm. AB-2005-229) pre *323 sentada contra él por el Sr. Randol Caridad Silvestre y le concedió el término de diez días para que se expresara.
El abogado Robles Cirino no contestó. En vista de ello, mediante Resolución de 10 de febrero de 2006 le concedimos a Robles Cirino el término final de quince días para contestar la mencionada queja, apercibiéndole de que “el incumplimiento con esta Resolución aparejará graves sanciones disciplinarias”. La resolución fue notificada personalmente a Robles Cirino el 1 de febrero de 2006. Tampoco ha comparecido.
Nuevamente, mediante carta de 15 de noviembre de 2005, la licenciada Oquendo Graulau le concedió a Robles Cirino el término diez días para expresarse con respecto a una tercera queja (Núm. AB-2005-244) presentada en su contra, esta vez por la Sra. Hipólita Germán Vda. de Acevedo. Robles Cirino no contestó.
En vista de ello, mediante Resolución de 28 de abril de 2006 le concedimos el término de diez días a Robles Cirino para contestar la queja presentada, apercibiéndole de que su incumplimiento podría “conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión”. (Énfasis suplido.) Dicha Resolución le fue notificada personalmente el 15 de mayo de 2006. No obstante el tiempo transcurrido, Robles Cirino no ha comparecido.
rH
Uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y las órdenes de este Tribunal. Sobre este particular, he-mos sido enfáticos al señalar que la naturaleza y práctica de la abogacía requiere una escrupulosa atención y obe *324 diencia a las órdenes de este Tribunal, particularmente en la esfera de la conducta profesional.
Asimismo, hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y el apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. In re Ríos Acosta I, 143 D.RR. 128 (1997). A tono con lo anterior, hemos señalado que, independientemente de los méritos de las quejas presentadas contra un abogado, éste tiene la obligación ineludible de responder prontamente a nuestros requerimientos. In re Rodríguez Mena, 126 D.P.R. 205 (1990).
Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, en lo relativo a la exigencia de respeto hacia los tribunales. In re Salichs Martínez, 131 D.P.R. 481 (1992). Demás está decir que en estas situaciones, de renuencia a cumplir con nuestras órdenes, procede la suspensión temporal o indefinida del ejercicio de la abogacía. In re Osorio Díaz, 146 D.P.R. 39 (1998); In re González Albarrán, 139 D.P.R. 543 (1995); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re Bonaparte Rosaly, 131 D.P.R. 908 (1992); In re Colón Torres, 129 D.P.R. 490 (1991).
HH HH
De todo lo antes expuesto, resulta obvio no sólo que Abel Robles Cirino no interesa seguir ejerciendo la honrosa profesión de abogado en nuestra jurisdicción, sino que procede que decretemos su separación inmediata e indefinida del ejercicio de la profesión hasta tanto comparezca y este Tribunal determine, a base de su comparecencia, si resulta meritoria su reinstalación.

Se dictará Sentencia de conformidad.