per curiam:
Mediante Resolución de 5 de mayo de 2006, ordenamos al Ledo. Rodolfo S. Escabí Rodríguez a que en el término de veinte días, contado a partir de la notificación de dicha resolución, procediera a subsanar las deficiencias arancelarias señaladas en un informe presentado por la Oficina de Inspección de Notarías (ODIN). Dichas deficiencias correspondían a la falta de sellos de Asistencia Legal en su obra notarial que ascendían a la cantidad de $89,461 a la fecha del informe. A su vez, ordenamos que mostrara *568 causa por la cual no debíamos suspenderlo del ejercicio de la abogacía.
Además, se le apercibió al licenciado Escabí Rodríguez que su incumplimiento con la referida resolución conllevaría la imposición de severas sanciones, incluso la separación del ejercicio de la abogacía. La resolución le fue notificada personalmente el 15 de mayo de 2006 por un alguacil de este Tribunal. A pesar del tiempo transcurrido, el licenciado Escabí Rodríguez no ha cumplido con la Resolución de 5 de mayo de 2006. Resolvemos.
I
Uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y órdenes de este Tribunal. Sobre este particular, hemos sido enfáticos al señalar que la naturaleza y práctica de la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente en la esfera de la conducta profesional.
Asimismo, hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. In re Ríos Acosta I, 143 D.P.R. 128 (1997). A tono con lo anterior, hemos señalado que, independientemente de los méritos de las quejas presentadas contra un abogado, éste tiene la obligación ineludible de responder prontamente a nuestros requerimientos. In re Rodríguez Mena, 126 D.P.R. 205 (1990).
Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al *569 Canon 9 del Codigo de Etica Profesional, 4 L.P.R.A. Ap. lx, en lo relativo a la exigencia de respeto hacia los tribunales. In re Salichs Martínez, 131 D.P.R. 481 (1992). De más está decir que en estas situaciones, de renuencia a cumplir con nuestras órdenes, procede la suspension temporal o indefinida del ejercicio de la abogacIa. In re Osorio Díaz, 146 D.P.R. 39 (1998); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re González Albarrán, 139 D.P.R. 543 (1995); In re Bonaparte Rosaly, 131 D.P.R. 908 (1992); In re Colón Torres, 129 D.P.R. 490 (1991).
II
De todo lo antes expuesto resulta obvio, no sOlo que a Rodolfo S. EscabI RodrIguez no le interesa seguir ejerciendo la honrosa profesión de abogado en nuestra jurisdIcdon, sino que procede que decretemos su separación indefinida e inmediata del ejercicio de la profesion hasta tanto comparezca y este Tribunal determine, a base de su comparecencia, Si resulta meritoria su reinstalación.
Se dictará sentencia de conformidad.
El Juez Presidente Señor Hernández Denton y el Juez Asociado Señor Fuster Berlingeri no intervinieron.