per curiam:
El Procurador General de Puerto Rico, mediante un informe de 27 de octubre de 2006, nos indicó que —con el propósito de lograr que el abogado Juan G. Colón Rivera respondiera a sus requerimientos respecto a una queja referida a su oficina por este Tribunal— había realizado diversas gestiones que resultaron infructuosas. En vista a ello, mediante Resolución de 8 de noviembre de 2006, este Tribunal le concedió a Colón Rivera el término de diez días para que mostrara causa por la cual no debía ser disciplinado. Se apercibió a Colón Rivera que incumplir con la referida Resolución podía conllevar la imposición de severas sanciones, “incluyendo la suspensión al ejercicio de la profesión”. Un alguacil de este Tribunal le notificó personalmente dicha Resolución a Colón Rivera el 5 de diciembre de 2006. A pesar del tiempo transcurrido, Colón Rivera no ha comparecido.
Mediante Resolución de 15 de noviembre de 2006 concedimos a Colón Rivera el término diez días para que compareciera ante este Tribunal a mostrar causa por la cual no debía ser disciplinado, en esta ocasión, por no responder a *442 los requerimientos del Colegio de Abogados de Puerto Rico con relación a una queja presentada contra él ante dicha institución. Se le apercibió de que el incumplimiento con esta Resolución podría conllevar “la suspensión al ejercicio de la profesión”. Igualmente, la referida Resolución fue notificada personalmente a Colón Rivera por un alguacil de este Tribunal el 5 de diciembre de 2006. No ha comparecido.
Consolidamos ambos casos. Resolvemos, sin ulterior trámite, la cuestión planteada.
I
Reiteradamente hemos expresado que uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y con las órdenes de este Tribunal. Sobre este particular, hemos sido enfáticos al señalar que la naturaleza y práctica de la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente en la esfera de la conducta profesional.
Asimismo, hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz —con el propósito de lograr la más completa confianza y apoyo de la ciudadanía— se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. Véase In re Ríos Acosta I, 143 D.P.R. 128 (1997). A tono con lo anterior, he-mos señalado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, éste tiene la obligación ineludible de responder prontamente a nuestros requerimientos. In re Rodríguez Mena, 126 D.P.R. 205 (1990).
*443 Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Etica Profesional, en lo relativo a la exigencia de respeto hacia los tribunales. In re Salichs Martínez, 131 D.P.R. 481 (1992). Demás está decir que en estas situaciones, de renuencia a cumplir con nuestras órdenes, procede la suspensión temporal o indefinida del ejercicio de la abogacía. Véanse: In re Osorio Díaz, 146 D.P.R. 39 (1998); In re González Albarrán, 139 D.P.R. 543 (1995); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re Bonaparte Rosaly, 131 D.P.R. 908 (1992); In re Colón Torres, 129 D.P.R. 490 (1991).
II
De todo lo antes expuesto, resulta obvio, no sólo que Juan G. Colón Rivera no interesa seguir ejerciendo la honrosa profesión de abogado en nuestra jurisdicción, sino que procede que decretemos la separación inmediata e indefinida de éste del ejercicio de la profesión hasta tanto comparezca y este Tribunal determine, a base de su comparecencia, si resulta meritoria su reinstalación.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Fuster Berlingeri no intervino.