per curiam:
El Ledo. Moisés Rivera Colón fue admitido al ejercicio de la abogacía el 20 de noviembre de 1980 y al ejercicio de la notaría el 9 de marzo de 1981.
I
El 5 de octubre de 2004 el Sr. Ricardo Colón Colón pre-sentó una queja contra el licenciado Rivera Colón en este Tribunal. La Secretaria del Tribunal notificó al licenciado Rivera Colón el 1 de noviembre de 2004. Luego de que el abogado de epígrafe contestó dicha queja, ésta fue referida a la Oficina del Procurador General para la investigación y el informe correspondientes, en cumplimiento con la Regla 14(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A.
El Procurador General sometió su informe el 7 de diciembre de 2006. Mediante la Resolución del 21 de diciem-bre de 2006 concedimos a Rivera Colón un término de veinte días para expresarse sobre el mencionado informe del Procurador General.
Transcurrido el término de veinte días sin recibir la comparecencia del abogado, mediante Resolución de 30 de marzo de 2007 se le concedió un término adicional de veinte días para que mostrara causa por la cual este Tribunal no debía ejercer su jurisdicción disciplinaria e impo-nerle sanciones por su incumplimiento con lo ordenado. Se le apercibió que su incumplimiento podía conllevar la sus- *342 pensión al ejercicio de la profesión. Esta Resolución fue notificada personalmente el 12 de abril de 2007 a través de la Oficina del Alguacil del Tribunal Supremo. Aún hoy Rivera Colón no ha comparecido ante nos.
De otro lado, el pasado 15 de noviembre de 2005 la Se-cretaria del Tribunal Supremo cursó una comunicación por correo certificado al abogado de epígrafe con relación a otra queja presentada en su contra, en esta ocasión por el Sr. Rolando Rojas Torre. Luego de una segunda notificación, Rivera Colón compareció ante este Tribunal y expresó que devolvería los cinco mil dólares que le fueron pagados por adelantado en concepto de honorarios y que constituían el objeto de la queja presentada.
Así las cosas, mediante Resolución de 15 de marzo de 2006 se le ordenó a Rivera Colón que devolviera al señor Rojas Torre los cinco mil dólares objeto de la queja dentro de un término de noventa días. Rivera Colón no cumplió con dicha orden.
El 30 de junio de 2006, mediante una resolución y bajo apercibimiento de sanciones disciplinarias severas, se le concedió un término adicional de veinte días para que in-formara al Tribunal las gestiones realizadas para dar cum-plimiento a la orden del 15 de marzo de 2006. Rivera Colón solicitó dos prórrogas para cumplir con la referida orden. A pesar de que las prórrogas le fueron otorgadas, el abogado de epígrafe no cumplió.
El 12 de diciembre de 2006 emitimos otra Resolución mediante la cual otorgamos a Rivera Colón un término de quince días para informar a este Tribunal de las gestiones realizadas para dar cumplimiento a la Resolución del 15 de marzo de 2006. Rivera Colón no compareció.
Por último, mediante Resolución de 1 de marzo de 2007 concedimos un término final de quince días para que infor-mara a este Tribunal las gestiones realizadas para cumplir con la Resolución de 15 de marzo de 2006, bajo apercibi-miento de suspensión del ejercicio de la profesión. Dicha *343 Resolución fue notificada personalmente por un alguacil del Tribunal el 8 de marzo de 2007. Aún hoy Rivera Colón no ha comparecido.
En vista de que el licenciado Rivera Colón no ha compa-recido ante este Tribunal, en un craso incumplimiento con nuestras órdenes, procedemos a consolidar los asuntos per-tinentes a las dos quejas (AB-2004-230 y AB-2005-240) y resolver sin ulteriores trámites.
II
Reiteradamente hemos expresado que uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y las órdenes de este Tribunal. Sobre este particular, hemos sido enfáticos al señalar que la naturaleza y práctica de la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente en la esfera de la conducta profesional.
Asimismo, hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. Véase In re Ríos Acosta I, 143 D.RR. 128 (1997). A tono con lo anterior, hemos señalado que, independientemente de los méritos de las quejas presentadas contra un abogado, éste tiene la obligación ineludible de responder prontamente a nuestros requerimientos. In re Rodríguez Mena, 126 D.P.R. 205 (1990).
Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, *344 en lo relativo a la exigencia de respeto hacia los tribunales. In re Salichs Martínez, 131 D.P.R. 481 (1992). Demás está decir que en estas situaciones, de renuencia a cumplir con nuestras órdenes, procede la suspensión temporal o indefi-nida del ejercicio de la abogacía. Véanse: In re Osorio Díaz, 146 D.P.R. 39 (1998); In re González Albarrán, 139 D.P.R. 543 (1995); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re Bonaparte Rosaly, 131 D.P.R. 908 (1992); In re Colón Torres, 129 D.P.R. 490 (1991).
III
De todo lo antes expuesto, resulta obvio que el licen-ciado Rivera Colón ha incumplido con su deber de responder prontamente a los requerimientos y las órdenes de este Tribunal. En vista de lo anterior se suspende inmediata e indefinidamente del ejercicio de la abogacía y de la notaría al licenciado Moisés Rivera Colón.
Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar re-presentándolos, devolverles cualesquiera honorarios reci-bidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión per curiam y Sentencia.
Finalmente, el Alguacil de este Tribunal deberá incau-tar la obra y el sello notarial del licenciado Rivera Colón y entregarlos a la Directora de la Oficina de Inspección de Notarías para la investigación y el informe correspon-dientes.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rebollo López y la Juez Aso-ciada Señora Rodríguez Rodríguez no intervinieron.