per curiam:
El 15 de diciembre de 2006 la Secretaria de este Tribunal cursó una comunicación al abogado Antonio *1000 José Cruz Bonilla mediante la cual le informó, y le incluyó copia, de una queja presentada por la Sra. Luisa Isaac Aponte contra él. Se le concedió el término de diez días para que se expresara sobre la queja.
El abogado Cruz Bonilla solicitó una prórroga de quince días para presentar su contestación. El 15 de febrero de 2007, y a solicitud de éste, le concedimos una prórroga adi-cional de quince días. El 1 de mayo de 2007 el abogado Cruz Bonilla solicitó un breve término adicional para pre-sentar su contestación a la queja. Se le concedió un tér-mino adicional hasta el 8 de mayo de 2007.
Mediante Resolución de 18 de julio de 2007, y en vista de la incomparecencia del abogado, le concedimos el tér-mino de diez días para contestar la queja que se presentó contra él. Le apercibimos en esa ocasión que el incumpli-miento con dicha Resolución podría conllevar sanciones disciplinarias severas, incluso la suspensión al ejercicio de la profesión. Dicha Resolución le fue notificada personal-mente a Cruz Bonilla el 21 de agosto de 2007. Aún hoy no ha comparecido.
r-H
Uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y órdenes de este Tribunal. Sobre este particular, hemos sido enfáticos al señalar que la naturaleza y práctica de la abogacía requieren una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente en la esfera de conducta profesional.
Asimismo, hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la *1001 esfera de la litigación de causas, sino a la jurisdicción dis-ciplinaria de este Tribunal. In re Ríos Acosta I, 143 D.P.R. 128 (1997). A tono con lo anterior, hemos señalado que, independientemente de los méritos de las quejas presentadas contra un abogado, éste tiene la obligación ineludible de responder prontamente a nuestros requerimientos. In re Rodríguez Mena, 126 D.P.R. 205 (1990).
Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, en lo relativo a la exigencia de respeto hacia los tribunales. In re Salichs Martínez, 131 D.P.R. 481 (1992). De más está decir que en estas situaciones, de renuencia a cumplir con nuestras órdenes, procede la suspensión temporal o indefinida del ejercicio de la abogacía. In re Osorio Díaz, 146 D.P.R. 39 (1998); In re González Albarrán, 139 D.P.R. 543 (1995); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re Bonaparte Rosaly, 131 D.P.R. 908 (1992); In re Colón Torres, 129 D.P.R. 490 (1991).
HH h — I
De todo lo antes expuesto resulta obvio, no sólo que a Antonio José Cruz Bonilla no le interesa seguir ejerciendo la honrosa profesión de abogado, sino que procede que de-cretemos la separación indefinida e inmediata de éste del ejercicio de la abogacía y de la notaría en nuestra jurisdicción.

Se dictará Sentencia de conformidad.