per curiam:
El 13 de abril de 2007, el Sr. Roberto Torres Lebrón presentó una queja contra el Ledo. Orlando Torres Trinidad. La Secretaria del Tribunal Supremo notificó el 18 de mayo de 2007, mediante un correo certificado, la queja al licenciado Torres Trinidad. Con esta comunicación se le concedió el término de diez días para que, por escrito, *630 compareciera con sus comentarios a la queja presentada. Este no compareció.
Nuevamente, y mediante un correo certificado, el 28 de junio de 2007 la Secretaria del Tribunal Supremo le conce-dió un término adicional de diez días. En esta segunda notificación advirtió al licenciado Torres Trinidad que, de no comparecer en el término concedido, el asunto sería re-ferido al Tribunal para procedimientos ulteriores. El licen-ciado Torres Trinidad, nuevamente, hizo caso omiso de este requerimiento.
Referido el asunto a nuestra atención, el 1 de agosto de 2007 emitimos una resolución en la cual le concedimos un término de diez días para contestar la queja presentada en su contra. Le apercibimos de que el incumplimiento con la resolución podría conllevar sanciones disciplinarias seve-ras, incluyendo la suspensión al ejercicio de la profesión. Esta fue notificada personalmente a Torres Trinidad el 27 de agosto de 2007. Al día de hoy, éste no ha comparecido.
I
Uno de los compromisos que asume cada abogado que presta juramento está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y órdenes de este Tribunal. Así, hemos sido enfáticos al señalar que la naturaleza y práctica de la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente en la esfera de la conducta profesional.
Asimismo, hemos expresado en ocasiones innumerables que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y el apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este *631 Tribunal. In re Rios Acosta I, 143 D.P.R. 128 (1997). A tono con lo anterior, hemos señalado que, independientemente de los méritos de las quejas presentadas contra un abogado, éste tiene la obligación ineludible de responder pronta-mente a nuestros requerimientos. In re Rodríguez Mena, 126 D.P.R. 205 (1990).
Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, en lo relativo a la exigencia de respeto hacia los tribunales. In re Salichs Martínez, 131 D.P.R. 481 (1992). Demás está decir que en estas situaciones, de renuencia a cumplir con nues-tras órdenes, procede la suspensión temporal o indefinida del ejercicio de la abogacía. In re Osorio Díaz, 146 D.P.R. 39 (1998); In re González Albarrán, 139 D.P.R. 543 (1995); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re Bonaparte Rosaly, 131 D.P.R. 908 (1992); In re Colón Torres, 129 D.P.R. 490 (1991).
II
Resulta obvio que a Orlando Torres Trinidad no le inte-resa seguir ejerciendo la honrosa profesión de abogado, por lo que procede que decretemos su separación, inmediata e indefinida, del ejercicio de la abogacía en nuestra jurisdicción.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.