per curiam:
Una vez más nos vemos obligados a suspender a un miembro de la profesión por incumplir con los requerimientos de este Tribunal sobre un procedimiento disciplinario instado en su contra. Por los fundamentos ex-puestos a continuación, ordenamos la suspensión inme-diata e indefinida del Ledo. Orlando Torres Trinidad del ejercicio de la abogacía.
I
El licenciado Torres Trinidad fue admitido al ejercicio de la abogacía el 10 de enero de 1986. El 25 de abril de 2008, mediante opinión per curiam, lo suspendimos indefinida-mente del ejercicio de la abogacía y ordenamos la incauta-ción de su obra notarial. In re Torres Trinidad, 173 D.P.R. 629 (2008). Esto debido a su incomparecencia durante un proceso disciplinario con relación a una queja presentada en su contra (AB-07-112). Mediante reconsideración, lo reinstalamos al ejercicio de la abogacía, aunque ordenamos que se continuara con el trámite disciplinario iniciado previamente. Luego de varios trámites procesales, el 8 de mayo de 2009 emitimos una Resolución mediante la cual archivamos esta queja contra el licenciado Torres Trinidad. Sin embargo, se continuaron los procedimientos relaciona-dos con la subsanación de deficiencias en su obra notarial.
Posteriormente, el 14 de enero de 2011 se presentó la queja de autos (AB-2011-0010). El quejoso, Sr. Ángel M. De Jesús Sánchez, alegó que el licenciado Torres Trinidad lo representó incompetentemente en un pleito de divorcio. El 4 de febrero de 2011 notificamos al licenciado Torres Trinidad mediante un correo certificado sobre la queja pre- *373 sentada en su contra y le concedimos un término de diez días para contestarla.
Mediante una carta de 1 de marzo de 2011, el licenciado Torres Trinidad nos solicitó una prórroga de veinte días para cumplir con lo ordenado. Le concedimos su petición el 14 de marzo de 2011. Una vez más, el 3 de mayo de 2011, el licenciado Torres Trinidad nos solicitó una prórroga para contestar la queja. En su carta, nos explicó que no había expuesto su posición respecto al procedimiento disciplinario en su contra debido a que su secretaria estuvo enferma. Sos-tuvo que esta inconveniencia atrasó los trabajos en su oficina. Nuevamente, el 5 de mayo de 2011, le concedimos un término adicional para cumplir con lo ordenado; esta vez, de diez días. Sin embargo, el licenciado Torres Trinidad no compareció. Así las cosas, el 6 de julio de 2011 se le cursó una notificación en la que se le concedía un término final e improrrogable de cinco días para comparecer con sus comen-tarios y reacciones por escrito en torno a la queja.
Debido a su incomparecencia, el 17 de agosto de 2011 emitimos una Resolución mediante la cual concedimos nuevamente al licenciado Torres Trinidad un término final de cinco días para que compareciera ante este Tribunal y contestara la queja presentada en su contra. Allí le aperci-bimos que su incumplimiento con nuestra orden podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Esta orden le fue notificada personalmente el 19 de agosto de 2011. Aún hoy, el abogado de epígrafe no ha comparecido.
II
[1 ] Cada abogado que presta juramento ante este Tribunal está obligado a atender y cumplir con los requeri-mientos y órdenes de este Tribunal, particularmente en la esfera de conducta profesional. In re Rivera Rosado, 180 *374 D.P.R. 698 (2011); In re Fiel Martínez, 180 D.P.R. 426 (2010).
Constantemente, hemos enfatizado el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz. In re Rivera Rosado, supra; In re Prieto Rivera, 180 D.P.R. 692 (2011). Este deber se extiende no solo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. In re Ríos Acosta I, 143 D.P.R. 128 (1997). Asimismo, hemos expresado que, independientemente de los méritos de las quejas presentadas contra un abogado, este tiene que responder prontamente a nuestros requerimientos. In re Otero Encarnación, 179 D.P.R. 827 (2010); In re Rodríguez Mena, 126 D.P.R. 205 (1990).
Ciertamente, la indiferencia a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, en cuanto al respeto hacia los tribunales. In re Rosado Cruz, 176 D.P.R. 1012 (2009); In re Salichs Martínez, 131 D.P.R. 481 (1992). Por ello, cuando un abogado ignora nuestros requerimientos, procede la suspensión inmediata e indefinida del ejercicio de la abogacía. In re Osorio Díaz, 146 D.P.R. 39 (1998); In re González Albarrán, 139 D.P.R. 543 (1995); In re Reyes, Rovira, 139 D.P.R. 42 (1995). En fin, la actitud de indiferencia a la autoridad de este Tribunal no puede ser tomada livianamente. In re Martínez Sotomayor I, 181 D.P.R. 1 (2011).
III
Lamentablemente, nos encontramos con otro abogado que ignora nuestros requerimientos. Fueron cuatro las pró-rrogas que este Tribunal concedió al licenciado Torres Trinidad para que cumpliera con nuestra orden de expresarse sobre la queja que originó este procedimiento disciplinario. *375 No obstante, a pesar de nuestras consideraciones para con sus petitorios, el licenciado Torres Trinidad no ha respon-dido a la Resolución del 17 de agosto de 2011 ni a la queja en su contra.
Esta actitud de indiferencia y desatención que el licen-ciado Torres Trinidad ha mostrado ante las órdenes de este Tribunal nos fuerzan a decretar, por segunda ocasión, su separación inmediata e indefinida del ejercicio de la abogacía. Además, le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representán-dolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos. Deberá, además, certificarnos el cumpli-miento de estos deberes dentro del término de treinta días, a partir de la notificación de esta opinión y Sentencia.

Se dictará Sentencia de conformidad.