per curiam:
Reiteradamente hemos enfatizado en la obligación que tiene todo abogado de cumplir fiel y cabalmente con todos y cada uno de los cánones de ética que rigen nuestra profesión. Sin embargo, una vez más nos vemos obligados a suspender a otro miembro de la clase togada *513 del ejercicio de la abogacía y la notaría por incumplir con las órdenes de este Tribunal.
I
El Ledo. Américo Martínez Romero fue admitido al ejercicio de la abogacía el 15 de enero de 1987 y, posteriormente, al ejercicio de la notaría el 19 de marzo de 1993. Por los fundamentos expuestos a continuación, ordenamos la suspensión inmediata e indefinida del licenciado Martínez Romero del ejercicio de la abogacía y de la notaría.
El 14 de marzo de 2012, la Leda. Lourdes I. Quintana Lloréns, directora de la Oficina de Inspección de Notarías (ODIN), presentó ante esta Curia un Informe sobre el Estado de la Notaría del licenciado Martínez Romero. En dicho informe expresó que el inspector de la ODIN visitó e inspeccionó por última vez la sede notarial del licenciado el 20 de noviembre de 2002, tras lo cual quedó pendiente la reinspección. Así las cosas, el 19 de diciembre de 2008 la ODIN envió una notificación al licenciado Martínez Romero en la cual se le informó que el 4 de febrero de 2009 el inspector de la ODIN estaría pasando por su oficina para realizar nuevamente la inspección a la obra notarial.
El 15 de febrero de 2011, la ODIN envió otra comunicación por correo certificado con acuse de recibo a todas las direcciones que el licenciado Martínez Romero había notificado en el Registro Único de Abogados (RUA). Sin embargo, todas las cartas fueron devueltas a la ODIN “unclaimed”.
Finalmente, el 22 de febrero de 2011 el licenciado Martínez Romero envió una carta a la ODIN. En la misma informó que el inspector se había comunicado con él para informarle que el 23 de febrero de ese mismo año acudiría a su oficina para culminar la inspección que comenzó. Sin embargo, el licenciado solicitó una prórroga de treinta días por tener un conflicto en el calendario y propuso varias fechas hábiles para la inspección. Así las cosas, la ODIN concedió la prórroga solicitada, y conforme con las fechas *514 propuestas por el licenciado, lo citó para la reinspección final de la obra notarial el 31 de marzo de 2011. Además, le apercibió que esa sería la última visita de reinspección y su incumplimiento daría paso a referir el asunto al Tribunal Supremo.
A pesar de la advertencia antes señalada, transcurrió un año sin que el licenciado Martínez Romero permitiera la inspección de su obra notarial. La licenciada Quintana Lloréns alegó que el licenciado no contestó las llamadas telefónicas que le realizó la ODIN ni reportó cambios en su dirección.
En conformidad con lo anterior, esta Curia emitió una Resolución el 25 de mayo de 2012, en la cual le concedió al licenciado Martínez Romero un término final e improrrogable de cinco días para comparecer y mostrar causa por la cual no se debía ejercer nuestra jurisdicción disciplinaria por incumplir con los requerimientos de la ODIN.(1) Transcurrido cerca de un año, aún no hemos recibido respuesta a nuestras órdenes relacionadas a este asunto.
II
Hemos enfatizado en un sinnúmero de ocasiones el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz.(2) Así, el Canon 9 del Código de Etica Profesional(3) establece que todo “abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto”. Cuando los abogados no cumplen con las órdenes de este Tribunal demuestran me *515 nosprecio hacia nuestra autoridad, infringiendo, de ese modo, las disposiciones del Canon 9, supra.(4)
Asimismo, hemos reiterado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, este tiene que responder prontamente a nuestros requerimientos.(5) Así, procede la suspensión inmediata de aquellos miembros de la profesión que incumplen con nuestros requerimientos e ignoran los apercibimientos de sanciones disciplinarias.(6)
Por otra parte, ningún notario puede asumir una actitud pasiva y confiar en que la ODIN lo contactará para verificar si corrigió adecuadamente los señalamientos que ésta efectuó.(7) Los abogados tienen una obligación inexcusable de responder diligentemente a los requerimientos de este Tribunal, así como a los de la ODIN y los de la Oficina del Procurador General.(8) Una vez el abogado se aparta de cumplir con los deberes que le impone la ley y el ordenamiento ético, incurre en conducta que acarrea una sanción disciplinaria.(9) Así, y como corolario de la doctrina, esta Curia ha resuelto que procede la suspensión indefinida e inmediata de la abogacía y la notaría cuando un notario ignora los requerimientos de la ODIN y este Tribunal.(10)
*516 III
Desgraciadamente, en el caso de autos nos encontramos ante otro letrado que ignora e incumple con los requerimientos de este Tribunal y de la ODIN. El licenciado Martínez Romero hizo caso omiso e incumplió con su deber de responder oportunamente a los requerimientos de la ODIN y de este Tribunal. La ODIN estuvo aproximadamente un año tratando infructuosamente de localizar al licenciado Martínez Romero para realizar la inspección de su obra notarial, antes de acudir a este foro. Así las cosas, la ODIN acudió a esta Curia y le concedimos al licenciado cinco días improrrogables para comparecer. No obstante, ha transcurrido casi un año desde esa resolución y el licenciado no ha respondido a nuestra orden. Por lo tanto, esta actitud de indiferencia y desatención que el licenciado ha mostrado ante las órdenes de este Tribunal nos fuerzan a decretar la suspensión inmediata e indefinidamente del ejercicio de la abogacía y de la notaría. Esto, con el apercibimiento de que no estaremos dispuestos a decretar su reinstalación hasta que cumpla con todos los señalamientos de la ODIN y nuestras resoluciones.
IV
Por los fundamentos antes expuestos, se ordena la suspensión inmediata e indefinida del Ledo. Américo Martínez Romero de la práctica de la abogacía y de la notaría. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el cual tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días contados a partir de la notificación de la presente Opinión “per curiam”y Sentencia.

*517
Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Martínez Romero y entregarlos a la Directora de la ODIN para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Estrella Martínez emitió la ex-presión siguiente:
Estoy conforme con la suspensión inmediata e indefinida del Ledo. Américo Martínez Romero del ejercicio de la abogacía y la notaría. Ahora bien, considero que la mayoría de este Tribunal omite una causa que contribuyó a la cadena de omisiones en el cumplimiento con las órdenes de este Tribunal y de la Oficina de Inspección de Notaría, a saber: no^haber notificado el cambio de sus direcciones en el Registro Unico de Abogados (RUA). A mi juicio, el haber desatendido lo ordenado por la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, y su jurisprudencia interpretativa es un fundamento esencial e intrínsecamente ligado a los procesos disciplinarios en razón de no acatar órdenes del Tribunal por inaccesibilidad en las notificaciones de los letrados. Véanse: In re Grau Collazo, 185 DPR 938, 943-944 (2012); In re Rojas Rojas, 185 DPR 405, 408 (2012).
El Juez Presidente Señor Hernández Denton y la Juez Asociada Señora Rodríguez Rodríguez se unieron a las ex-presiones del Juez Asociado Señor Estrella Martínez. El Juez Asociado Señor Rivera García no intervino.

 La Resolución dictada el 25 de mayo de 2012 fue notificada personalmente por los alguaciles de este Tribunal el 11 de junio de 2012. Al acudir a la oficina del licenciado Martínez Romero, le informaron que desde hace año y medio el licenciado no tenía su oficina allí. Así las cosas, acudieron a la residencia del licenciado, pero debido a que no había nadie en la residencia dejaron la hoja de Aviso allí.

 In re Torres Trinidad, 183 DPR 371, 374 (2011); In re Rivera Rosado, 180 DPR 698 (2011); In re Prieto Rivera, 180 DPR 692 (2011).

 4 LPRA Ap. IX, C. 9.

 In re Cirino López, 184 DPR Ap. (2012); In re Fidalgo Córdova, 183 DPR 217, 222 (2011).

 In re Torres Trinidad, supra; In re Otero Encarnación, 179 DPR 827 (2010); In re Rodríguez Mena, 126 DPR 205 (1990).

 In re Arroyo Rivera, 182 DPR 732, 735-736 (2011); In re Torres Viera, 179 DPR 868 (2010); In re Feliciano Jiménez, 176 DPR 234 (2009); In re Laborde Freyre I, 154 DPR 112 (2001).

 In re Arroyo Rivera, supra, pág. 736; In re Román Jiménez, 161 DPR 727, 733 (2004).

 In re Arroyo Rivera, supra; In re Montalvo Guzmán, 169 DPR 847 (2007); In re Moreno Franco, 166 DPR 787 (2006); In re Rivera Irizarry, 155 DPR 687 (2001).

 In re Arroyo Rivera, supra; In re Montalvo Guzmán, supra.

 In re Montes Díaz, 184 DPR 90, 94 (2011); In re Torres Rodríguez, 163 DPR 144, 148 (2004).