per curiam:
Reiteradamente hemos enfatizado en la obligación que tiene todo abogado de cumplir fiel y cabalmente con todos y cada uno de los cánones de ética que rigen *262 nuestra profesión. Sin embargo, nuevamente nos vemos obligados a suspender a otro miembro de la clase togada del ejercicio de la abogacía y la notaría por incumplir con las órdenes de este Tribunal.
I
El Ledo. Delfín Sosa Suárez fue admitido al ejercicio de la abogacía el 20 de noviembre de 1980 y, posteriormente, al ejercicio de la notaría el 21 de abril de 1981. Por los fundamentos expuestos a continuación, ordenamos la suspensión inmediata e indefinida del licenciado Sosa Suárez del ejercicio de la abogacía y de la notaría.
El 5 de mayo de 2014, el Ledo. Manuel E. Ávila De Jesús, director de la Oficina de Inspección de Notarías (ODIN), presentó ante esta Curia una Moción Urgente en Solicitud de Remedios en referencia al caso del licenciado Sosa Suárez. En dicho documento expresó que el 22 de junio de 2012, el entonces Director Auxiliar de la ODIN, el Ledo. Nelson J. Santiago Marrero, le informó al licenciado Sosa Suárez que existían deficiencias arancelarias en su obra protocolar de 2005, 2006, 2007 y 2010, así como deficiencias en su Registro de Testimonios que ascendían a $96,173. Para aquel entonces se concedió al licenciado Sosa Suárez un término de quince días calendarios para presentar cualquier objeción a dicha evaluación.
El 6 de julio de 2012, un día antes de expirar el término, el licenciado Sosa Suárez presentó su contestación a la carta enviada por ODIN. En dicha ocasión reconoció la existencia de una deficiencia arancelaria, aunque expresó no poder corroborar la cuantía por encontrarse fuera de la jurisdicción de Puerto Rico. Por ello, solicitó un término adicional de 90 días para corroborar las cantidades y gestionar la compra de los sellos requeridos.
Luego de seis meses de expirado el término de 90 días concedido, el 11 de abril de 2013 ODIN envió una carta en *263 la cual comunicó al licenciado Sosa Suárez por segunda ocasión su incumplimiento. En esta ocasión le concedió un término final e improrrogable de 20 días para que mostrara causa por la cual el asunto no debía ser remitido a esta Curia. Así, el 6 de mayo de 2013, cinco días luego de expirado el termino concedido por ODIN, el licenciado Sosa Suárez respondió e informó que, a pesar de haber transcurrido sobre ocho meses de la primera notificación, se le había hecho imposible lograr la cantidad total adeudada. Por ello, solicitó se le concediera un término improrrogable que venciera el 15 de julio de 2013 para corregir las deficiencias y efectuar la inspección final. Como respuesta, la ODIN concedió hasta el 27 de junio de 2013 para que subsanara su obra.
El 29 de junio de 2013, expirado el término concedido para subsanar las deficiencias, la Inspectora de Protocolos y Notarías visitó las facilidades de la oficina del licenciado Sosa Suárez. En dicha ocasión, se pudo corroborar que en su obra protocolar el notario únicamente canceló la cantidad correspondiente a las deficiencias del año 2010, dejando al descubierto sobre $87,431 correspondientes a 2005, 2006 y 2007.
Por la situación antes descrita, la Inspectora de Protocolos y Notarías coordinó para el 16 de agosto de 2013 la reinspección final de la obra protocolar del licenciado Sosa Suárez. Sin embargo, el 13 de agosto de 2013, tres días antes de la fecha programada, el notario le informó a la Inspectora de Protocolos y Notarías que ya no le sería posible cubrir las deficiencias arancelarias pendientes.
Así las cosas, el 20 de agosto de 2013 ODIN comunicó al licenciado Sosa Suárez vía correo certificado con acuse un Informe en el cual se detallaba que en su obra protocolar existía una deficiencia de sobre $87,431. Además, le concedió un término improrrogable de 15 días calendarios para reaccionar u objetar el Informe apercibiéndolo, a su vez, que de no objetar se procedería a elevar el escrito ante esta *264 Curia. No obstante, luego de ocho meses de haber sido apercibido de esto y puesto que el licenciado Sosa Suárez no compareció para objetar el Informe de ODIN, dicha oficina refirió el asunto a este Tribunal.
Toda vez que el asunto fue remitido a nuestra consideración, el pasado 15 de mayo de 2014 emitimos una Resolución en la cual ordenamos al Alguacil de este Tribunal que incautara inmediatamente la obra y el sello notarial del licenciado Sosa Suárez y los entregara al Director de ODIN para la correspondiente investigación e informe. Por otra parte, concedimos al licenciado Sosa Suárez un término improrrogable de diez días para mostrar causa por la cual no debía ser suspendido de la abogacía y notaría. Por último, dada la monumental deuda arancelaria adeudada, remitimos el asunto a la Oficina de Investigación y Procesamiento Criminal del Departamento de Justicia para que dicho organismo proceda con la acción correspondiente.
A pesar de haber sido notificado que el término concedido era improrrogable, el licenciado Sosa Suárez compareció el 20 de mayo de 2014 mediante una Urgente Moción Solicitando Prórroga. Dicha solicitud se fundamentó en que su representación legal tenía planeado un viaje familiar fuera de la jurisdicción de Puerto Rico, por lo que le era imposible prepararse adecuadamente en dicho término. Por ello, solicitó un término adicional de 30 días contados a partir del 9 de junio de 2014. No obstante, transcurrido el término conferido, el licenciado Sosa Suárez no compareció durante el mismo para mostrar causa según ordenado por este Tribunal.
Así las cosas, el 19 de junio de 2014, veinticinco días luego de expirado el término concedido por esta Curia y haciendo caso omiso de que la presentación de una moción de prórroga no extiende el término automáticamente, el licenciado Sosa Suárez compareció mediante una Moción en Cumplimiento de Orden. En esencia, el licenciado Sosa Suárez reconoce la deuda, mas adjudica las deficiencias a *265 “irregularidades en el proceso de facturación” y a “una secretaria de la oficina, la cual ya no es empleada suya, [que] tenía delegada la tarea de adherir los correspondientes sellos y de informar cualquier deficiencia de sellos y comprobantes notificada por el Registrador de la Propiedad”. Moción en cumplimiento de orden, pág. 2. Además, nos solicita que le instruyamos sobre cómo disponer de la suma de $40,000 que tiene para remediar la situación.
II
Hemos enfatizado en un sinnúmero de ocasiones el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz.(1) Así, el Canon 9 del Código de Etica Profesional(2) establece que todo “abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto”. Cuando los abogados no cumplen con las órdenes de este Tribunal, menosprecian nuestra autoridad, infringiendo de ese modo las disposiciones del Canon 9, supra.(3)
Asimismo, hemos reiterado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, este tiene que responder prontamente a nuestros requerimientos.(4) Así, procede la suspensión inmediata de aquellos miembros de la profesión que incumplen con nuestros requerimientos e ignoran los apercibimientos de sanciones disciplinarias.(5)
*266 Por otra parte, los abogados tienen una obligación inexcusable de responder diligentemente a los requerimientos de este Tribunal, así como a los de ODIN y los de la Oficina del Procurador General.(6) Una vez el abogado no cumple con los deberes que le impone la ley y el ordenamiento ético, incurre en una conducta que acarrea una sanción disciplinaria.(7) Así, y como corolario de la doctrina, esta Curia ha resuelto que procede la suspensión indefinida e inmediata de la abogacía y la notaría cuando un notario ignora los requerimientos de ODIN y de este Tribunal.(8)
III
Desgraciadamente, en el caso de autos nos encontramos ante otro letrado que ignora e incumple con los requerimientos de este Tribunal y de ODIN. El licenciado Sosa Suárez hizo caso omiso e incumplió con su deber de responder oportunamente a los requerimientos de ODIN y, posteriormente, los de este Tribunal. ODIN ha notificado en varias ocasiones las deficiencias al licenciado Sosa Suárez, mientras ha realizado a su vez varios intentos para realizar la inspección final de su obra notarial antes de acudir a este foro; sin embargo, no ha tenido éxito. Así las cosas, ODIN acudió a esta Curia y concedimos al licenciado Sosa Suárez diez días improrrogables para comparecer. No obstante, luego de veinticinco días de expirado el término, el licenciado respondió a nuestra orden de mostrar causa sin subsanar las deficiencias señaladas por ODIN. Por lo tanto, esta actitud de indiferencia y desatención que el licenciado ha mostrado ante las órdenes de este Tribunal *267 nos fuerzan a decretar la suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría. Esto con el apercibimiento de que no estaremos dispuestos a decretar su reinstalación hasta que cumpla con todos los señalamientos de ODIN y nuestras resoluciones.
En cuanto a la solicitud del licenciado Sosa Suárez sobre las instrucciones a seguir respecto a la suma de dinero disponible, se le instruye que debe referirse a los pronunciamientos de ODIN sobre las deficiencias señaladas en su obra notarial.
IV
Por los fundamentos antes expuestos, se ordena la suspensión inmediata e indefinida del Ledo. Delfín Sosa Suárez de la práctica de la abogacía y de la notaría. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el cual tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días, contados a partir de la notificación de la presente opinión “per curiam”y Sentencia.

Se dictará sentencia de conformidad.

 In re Torres Trinidad, 183 DPR 371, 374 (2011); In re Rivera Rosado, 180 DPR 698 (2011); In re Prieto Rivera, 180 DPR 692 (2011).

 4 LPRA Ap. DC.

 In re Cirino López, 184 DPR Ap. (2012); In re Fidalgo Córdova, 183 DPR 217, 222 (2011).

 In re Torres Trinidad, supra; In re Otero Encarnación, 179 DPR 827 (2010); In re Rodríguez Mena, 126 DPR 205 (1990).

 In re Arroyo Rivera, 182 DPR 732, 735-736 (2011); In re Torres Viera, 179 DPR 868 (2010); In re Feliciano Jiménez, 176 DPR 234 (2009); In re Laborde Freyre I, 154 DPR 112 (2001).

 In re Arroyo Rivera, supra; In re Montalvo Guzmán, 169 DPR 847 (2007); In re Moreno Franco, 166 DPR 787 (2006); In re Rivera Irizarry, 155 DPR 687 (2001).

 In re Arroyo Rivera, supra; In re Montalvo Guzmán, supra.

 In re Montes Díaz, 184 DPR 90, 94 (2011); In re Torres Rodríguez, 163 DPR 144, 148 (2004).