EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2010 TSPR 194 |
| Lydia Otero Encarnación | 179 DPR _____ |

Número del Caso: TS-9420

Fecha: 30 de agosto de 2010

Abogado de la Parte Peticionaria:

      Por derecho propio

Materia: Conducta Profesional
(La suspensión será efectiva el 2 de septiembre de 2010,
Fecha en que se le notificó al abogado de su suspensión
inmediata e indefinida)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lydia Otero Encarnación                 TS-9420

PER CURIAM

San Juan, Puerto Rico, a 30 de agosto de 2010.

Una vez más tenemos que suspender a un miembro de la profesión por incumplir con los requerimientos de este Tribunal de que subsane las deficiencias encontradas en su obra notarial y por no cumplir en forma reiterada con las órdenes que hemos emitido en varias quejas presentadas en su contra tanto ante esta Curia como ante el Colegio de Abogados cuando tenía jurisdicción sobre asuntos deontológicos.

I.

El 20 de marzo de 2009, mediante Opinión *Per Curiam* suspendimos inmediata e indefinidamente del ejercicio de la abogacía y de la notaría a la licenciada Otero Encarnación por haber incumplido con

nuestros requerimientos respecto a una queja presentada contra ella ante la Comisión de Ética del Colegio de Abogados de Puerto Rico. No obstante, mediante reconsideración se le reinstaló al ejercicio de la abogacía, mas no así al de la notaría, pendiente un informe que estaba preparando la Oficina de Inspección de Notarías (O.D.I.N.) sobre su obra notarial.

Varios meses después de ser reinstalada, en septiembre de 2009 la Sra. Blanca M. Hernández Tirado presentó ante este Tribunal una queja contra la abogada. En esencia, alegó que le había entregado $8,000 a Otero Encarnación para que los depositara en una cuenta I.R.A. Según expone la quejosa, la abogada no depositó el dinero y además negó haber recibido dicha cuantía. Por esta razón, le requerimos a Otero Encarnación que contestara la queja presentada en su contra dentro del término de diez días a partir de la notificación, mas no recibimos respuesta alguna.

Ante dicha incomparecencia, el 20 de noviembre del mismo año le concedimos un término de diez días adicionales para que se expresara sobre la queja. No obstante, la licenciada Otero Encarnación compareció tardíamente mediante escrito el 17 de diciembre de 2009 y señaló algunos detalles del caso en el cual fungió como representante legal de la señora Hernández Tirado. En cuanto a los $8,000 objeto de la queja, expresó que se había presentado ante el Tribunal de Primera Instancia una denuncia en su contra por alegada apropiación ilegal de éstos, por lo que no encontraba prudente emitir comentarios al respecto. En diciembre de ese año referimos

esta queja a la Oficina de la Procuradora General para la investigación correspondiente.

Mientras tanto, el 13 de noviembre de 2009 el Sr. Ángel L. Manzano Pérez presentó una queja contra Otero Encarnación en la cual alegó que le había pagado $700 a la abogada para que lo representara en una vista. La abogada, sin embargo, nunca compareció a ésta, por lo que el quejoso le pidió la renuncia y que le devolviera los $700. Según sostiene el quejoso, Otero Encarnación renunció como su representante legal pero nunca le devolvió el dinero. Por esta razón, el señor Manzano Pérez presentó una demanda sobre cobro de dinero contra la abogada. El Tribunal de Primera Instancia la declaró con lugar y ordenó que la licenciada Otero Encarnación le pagara $763 al señor Manzano Pérez. Al no habérselos entregado ni haberse comunicado con él a estos efectos, éste nos solicitó que ordenáramos el cumplimiento de la determinación del foro de instancia y que tomáramos las acciones disciplinarias pertinentes.

Así las cosas, el 8 de diciembre de 2009 le requerimos a la licenciada Otero Encarnación que se expresara sobre esta queja dentro del término de diez días a partir del recibo de la comunicación, pero no lo hizo. El 1 de febrero de 2010 le volvimos a requerir que, dentro del plazo de diez días a partir de la debida notificación, se expresara sobre la queja, apercibiéndole de las consecuencias disciplinarias que podría acarrear su incomparecencia ante este Foro. Sin embargo, la abogada no compareció. Por todo lo cual, el 27 de mayo de este año le concedimos un término final de cinco

días, a partir de la notificación de la correspondiente Resolución, para que compareciera ante el Tribunal y contestara la queja presentada en su contra.

Otero Encarnación compareció tardíamente ante este Foro el 14 de junio de 2010. En su comparecencia, aunque no menciona la cantidad, alega que le devolvió los honorarios de abogado al señor Manzano Pérez. Ese mismo día referimos la queja a la Oficina de la Procuradora General para la investigación correspondiente.

Por otro lado, el 29 de septiembre de 2009 el Sr. Gerardo Ferrao Rodríguez presentó una queja contra Otero Encarnación ante la Comisión de Ética del Colegio de Abogados de Puerto Rico. Alegó que ésta incumplió con lo acordado respecto a un expediente de dominio peticionado por el quejoso, pues luego de más de tres años de solicitado un expediente de dominio, la abogada nunca lo realizó, por lo que se vio forzado a contratar los servicios de otra representación legal. Además, alegó falta de comunicación entre Otero Encarnación y él, pues presuntamente ésta no iba a su oficina desde hacía cuatro meses. Por estas razones, solicitó que la abogada le entregara todos los documentos sobre su caso.

La Comisión de Ética del Colegio de Abogados de Puerto Rico le cursó tres notificaciones a Otero Encarnación para que se expresara sobre la queja presentada en su contra. Las fechas de dichas misivas fueron el 9 de octubre y el 17 de noviembre de 2009 y el 8 de febrero de 2010. No obstante, la abogada nunca compareció ante la Comisión de Ética del Colegio de Abogados de Puerto Rico, por lo que ésta le

refirió la queja a este Tribunal para que tomara conocimiento de la misma, así como del incumplimiento de la abogada.

Mientras se llevaba a cabo el proceso disciplinario anteriormente descrito, la Oficina de Inspección de Notarías (O.D.I.N.) emitió el informe sobre la obra notarial de la abogada requerido por este Tribunal en septiembre de 2009. En dicho informe encontró varias deficiencias en la obra notarial de la licenciada Otero Encarnación. Por esta razón, en octubre de 2009 le concedimos a la abogada un término de veinte días para subsanar dichas deficiencias. Posteriormente, a petición de la abogada, le concedimos un término de sesenta días para atender nuestros requerimientos. Ante la falta de corrección de éstas, en marzo de 2010 le concedimos un término final de veinte días para que Otero Encarnación cumpliera con nuestra orden. La notificación de dicha Resolución se le hizo llegar personalmente y en ésta se le apercibió de que el incumplimiento con dicho requerimiento podría acarrear la suspensión indefinida de la abogacía. La licenciada Otero Encarnación, sin embargo, ni ha subsanado las deficiencias ni ha comparecido ante este Foro.

## II.

En reiteradas ocasiones hemos expresado que los abogados tienen el deber y la obligación de responder diligentemente a los requerimientos y órdenes de este Tribunal, particularmente aquellos relacionados con procedimientos disciplinarios sobre su conducta profesional. Hemos señalado, además, que procede la suspensión inmediata de aquellos miembros de la profesión que incumplan nuestras órdenes e

ignore los apercibimientos de sanciones disciplinarias. *In re* López de Victoria Bras, res. el 27 de enero de 2010, 2010 T.S.P.R. 18; *In re* Laborde Freyre I, 154 D.P.R. 112 (2001). Asimismo, hemos expresado que los abogados tienen la obligación de responder diligentemente a nuestras órdenes, independientemente de los méritos de la queja presentada en su contra. *In re* García Vallés, 172 D.P.R. 490 (2007).

Sin embargo, constantemente nos enfrentamos a un sinnúmero de abogados y abogadas que incumplen las resoluciones de este Tribunal. Es por ello que hemos resuelto que esa "actitud de indiferencia y menosprecio a la autoridad del Tribunal Supremo merecen sus suspensión indefinida". *In re* Pagán Ayala, 130 D.P.R. 678, 683 (1992).

III.

En este caso nos enfrentamos nuevamente a otra abogada que ignora nuestros requerimientos. De los hechos expuestos anteriormente se desprende que, en particular, la licenciada Otero Encarnación no contestó nuestras órdenes ni ha tomado las medidas requeridas por esta Curia para subsanar las deficiencias encontradas en su obra notarial. Por ende, procede que se le suspenda inmediatamente del ejercicio de la abogacía.

La licenciada Otero Encarnación deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del

Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, el cumplimiento con lo antes ordenado.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lydia Otero Encarnación                    TS-9420

SENTENCIA

San Juan, Puerto Rico, a 30 de agosto de 2010.

Por las razones expuestas en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente del ejercicio de la abogacía a la Lcda. Lydia Otero Encarnación.

La licenciada Otero Encarnación deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, el cumplimiento con lo antes ordenado.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo