per curiam:
De nuevo nos vemos obligados a suspender a un miembro de la profesión por incumplir con los requeri-mientos de este Tribunal sobre un procedimiento discipli-nario instado en su contra. Por los fundamentos que abor-damos a continuación, ordenamos la suspensión inmediata e indefinida de la Leda. Nancy Fiel Martínez del ejercicio de la abogacía y de la notaría.
*427 I
La licenciada Nancy Fiel Martínez fue admitida al ejer-cicio de la abogacía el 13 de octubre de 2006. En diciembre del mismo año prestó juramento como notaría.
El 30 de diciembre de 2009 compareció ante nos la Pro-curadora General y nos notificó que la licenciada Fiel Mar-tínez había sido notificada en tres ocasiones —el 2 de junio de 2009, el 6 de julio de 2009 y el 18 de agosto de 2009— de una investigación por conducta profesional instada en esa oficina por la Sra. Rosa M. Serrano Caraballo, queja Núm. AB-2009-330. Las notificaciones fueron hechas a las direc-ciones que aparecían en el registro de abogados que man-tiene la Secretaría de este Tribunal, así como a la lista que publica el Colegio de Abogados. No obstante, no se obtuvo respuesta de la licenciada Fiel Martínez. Así las cosas, el 25 de septiembre de 2009, por medio de comunicación es-crita, se le concedieron cinco días adicionales como último término para ofrecer su versión de los hechos. El 30 de septiembre del mismo año, la Oficina de la Procuradora General consiguió comunicarse por vía telefónica con la abogada. A pesar de que ésta se comprometió a contestar la queja, no lo hizo en el plazo acordado. En vista de ello, la Oficina de la Procuradora General nos solicitó que ordená-ramos a Fiel Martínez a comparecer ante esa Oficina.
Tras la solicitud de la Procuradora General, emitimos una Resolución el 22 de febrero de 2010 mediante la cual le ordenamos a la abogada a contestar la queja y le apercibi-mos de las sanciones disciplinarias severas que su incum-plimiento podría conllevar. La abogada compareció el 14 de abril de 2010 y nos informó que se había comunicado por teléfono con la Procuradora General Auxiliar y ésta le ha-bía informado de las quejas en su contra y que se las esta-ría enviando por correo electrónico. Alegó, además, que se hacía innecesario que emitiéramos la orden solicitada por la Procuradora General. No obstante, el 5 de mayo de *428 2010, la Oficina de la Procuradora General compareció nuevamente y nos hizo saber que la abogada nunca com-pareció en respuesta a nuestra Resolución de 22 de febrero de 2010 ni contestó la queja. Por esa razón, ordenamos a un alguacil de este Tribunal a diligenciar la notificación en persona de nuestra Resolución de 22 de febrero de 2010. Esto se logró el 8 de junio de 2010.
Así las cosas, la licenciada Fiel Martínez compareció el 17 de junio de 2010. Alegó que fue mediante la notificación de la Resolución de 22 de febrero de 2010 que advino en conocimiento de la queja presentada en su contra y nos solicitó diez días adicionales para contestar la Queja Núm. 2009-330. El 28 de junio de 2010, mediante resolución le concedimos cinco días adicionales para cumplir con lo re-querido en nuestra Resolución de 22 de febrero. La licen-ciada Fiel Martínez nunca compareció en cumplimiento de lo allí dispuesto. Nuestra Resolución de 28 de junio de 2010 fue notificada el 7 de julio de 2010 a la última dirección que consta en el registro de abogados de nuestra Secretaría, pero fue devuelta por el correo.
Por otro lado, el 3 de abril de 2009, la Sra. Iris Pérez Salgado compareció ante la Oficina de la Procuradora General de Puerto Rico para presentar la queja Núm. AB-2010-0075, contra la abogada de epígrafe. La quejosa alegó que tenía varios casos pendientes para los cuales había contratado los servicios de la licenciada Fiel Martínez. En-tre ellos están su caso de divorcio, un caso de pensión ali-menticia y otro sobre un carro que compró en un dealer y supuestamente la “estafaron”. A pesar de hacer múltiples gestiones, según alegó, Fiel Martínez no se comunicaba con ella ni con su esposo. Añadió que, supuestamente, le ha tratado de dejar mensajes pero ella no se comunica y se le “esconde”. La señora Pérez Salgado alegó también que ha-bía intentado que la licenciada Fiel Martínez le renun-ciara, pero la secretaria de ésta le informó que ella no es-taba y no le entregó su expediente.
*429 Tras investigar estas alegaciones, la Oficina de la Pro-curadora General compareció ante nos e informó sus ha-llazgos y conclusiones. De ellos surge que la Oficina de la Procuradora General hizo al menos cinco intentos de comu-nicarse con Fiel Martínez por correo certificado a dos direcciones. La licenciada Fiel Martínez recibió al menos cuatro de ellos, pero ninguno fue respondido. Según la Ofi-cina de la Procuradora, en dos ocasiones intentó comuni-carse a su teléfono celular, dejándole mensajes sin obtener respuesta. Posteriormente, la licenciada Fiel Martínez se comunicó con esa Oficina para solicitar que se le enviara copia de las cartas que se le habían cursado. Ello se hizo a través de un correo electrónico. En respuesta al correo elec-trónico, la licenciada Fiel Martínez expuso su posición re-ferente a las alegaciones de la quejosa Pérez Salgado.
Sobre el argumento de que la habían estafado al com-prar un carro, la licenciada Fiel Martínez demostró que había representado a la quejosa con éxito ante el Tribunal de Primera Instancia y obtuvo una sentencia de $3,700, más $400 en concepto de los honorarios de abogado. In-cluyó en su respuesta copia de la sentencia y señaló que, ante ese desenlace, la señora Pérez Salgado estaba muy agradecida con Fiel Martínez y hasta la había invitado a almorzar junto a su secretaria. En cuanto a la alegación de la quejosa de que la licenciada Fiel Martínez la representa en varios casos pendientes, ésta respondió que la aprecia-ción de la quejosa es incorrecta. Fiel Martínez argumentó que, aunque la señora Pérez Salgado le consultó algunos casos de forma gratuita, entre ellos un caso de divorcio, uno de pensión y uno del padre de la quejosa, nunca existió un acuerdo ni urna contratación de servicios profesionales para que la abogada le representara.
La Oficina de la Procuradora General concluyó en su informe que no existía prueba que justificara algún proce-dimiento disciplinario contra la abogada de epígrafe. Du-rante este proceso, la licenciada Fiel Martínez nos notificó *430 una nueva dirección el 14 de octubre de 2010 para que le enviáramos las notificaciones correspondientes.
De otra parte, la licenciada Fiel Martínez también en-frenta otra queja presentada por el arrendador del local donde ésta tenía su estudio legal, el Sr. Félix Rivera Ríos, ante la falta de pago de la abogada, queja Núm. 2009-0224. Esta queja, que fue contestada el 3 de noviembre de 2009 por la licenciada Fiel Martínez mediante carta dirigida a la Subsecretaría de este Tribunal, continúa bajo investiga-ción de la Oficina de la Procuradora General.
II
A. Como es sabido, todo abogado tiene la obligación de responder oportunamente a los requerimientos de este Tribunal. Ello cobra mayor importancia cuando se trata del deber de seguir nuestras órdenes en el contexto de un proceso disciplinario sobre su conducta profesional. In re Borges Lebrón, 179 D.P.R. Ap. (2010); In re López de Victoria Brás, 177 D.P.R. 888 (2010). Hemos reiterado que cuando un abogado incumple con el deber de responder nuestros requerimientos e ignora los apercibimientos de las sanciones disciplinarias, procede la suspensión inme-diata del ejercicio de la profesión. In re Reyes, Rovira, 139 D.P.R. 42 (1995). Independientemente de los méritos de cualquier queja presentada contra éstos, los abogados vie-nen llamados a ser diligentes y responsivos con los reque-rimientos que hacemos. In re García Valles, 172 D.P.R. Ap. (2007); In re Otero Encarnación, 179 D.P.R. 827 (2010). Constantemente nos vemos forzados a resolver que, por no cumplir oportunamente con las órdenes de este Foro y, así, mostrar indiferencia a nuestros señalamientos y apercibi-mientos, tenemos que suspender a un abogado de la profesión. In re García Vallés, supra; In re Borges Lebrón, supra.
Los abogados deben seguir la más rigurosa obser- *431 vancia de los requerimientos y responder oportunamente a los señalamientos que les hacemos, como parte del carácter público de la profesión jurídica. In re Morales Rodríguez, 179 D.P.R. 766 (2010); In re Pérez Brasa, 155 D.P.R. 813 (2001). Asimismo, hemos expresado reiteradamente que incumplir con los requerimientos de esta Curia es, de suyo, una violación a los cánones del Código de Ética Profesional. Véanse: In re Rosado Cruz, 176 D.P.R. 1012 (2009); Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, respecto a la exigencia de respeto hacia los tribunales. En fin, la actitud de indiferencia a la autoridad de este Tribunal, que tanto nos llena de frustración, no puede ser tomada livianamente.
B. Este caso, además, nos obliga a recordarles nuevamente a los abogados y notarios del país su deber de notificar inmediatamente cualquier cambio en su dirección postal o física. In re Serrallés III, 119 D.P.R. 494, 495 (1987). Asimismo, la Regla 9(j) de Reglamento de este Tribunal impone a todo abogado la obligación de notificar oportunamente cualquier cambio de dirección a la Secretaría de este Foro. 4 L.P.R.A. Ap. XXI-A. Para facilitar ese proceso hemos creado el “Registro Único de Abogados”, cuyo propósito es mantener una sola base de datos para que sea más fácil mantener información actualizada de to-dos los abogados y notarios. Además, las nuevas Reglas 65.3 y 67.2 de Procedimiento Civil establecen que los tribunales notificarán cualquier orden, resolución y sentencia a la dirección que conste en dicho Registro. 32 L.P.R.A. Ap. V.
El 3 de junio de 2010 emitimos una Resolución mediante la cual ordenamos a todos los abogados a que revisaran y actualizaran sus direcciones en ese registro en los próximos treinta días. Allí, advertimos de las sanciones que podría conllevar incumplir con la Regla 9(j) del Reglamento del Tribunal Supremo, supra. Ello, pues cuando un abogado ignora su deber de mantener al día su dirección, *432 obstaculiza el ejercicio de nuestra jurisdicción disciplin-aria. El incumplimiento con este deber puede conllevar la separación indefinida de la abogacía. In re Soto Colón, 155 D.P.R. 623, 642 (2001).
III
En este caso nos encontramos una vez más con una abo-gada que ignora nuestros requerimientos. En síntesis, la licenciada Fiel Martínez no ha contestado nuestra resolu-ción de 4 de junio de 2010, donde le ofrecimos cinco días adicionales para contestar los requerimientos de nuestra resolución de 22 de febrero de 2010. Como le advertimos en esa resolución, el incumplimiento con los términos y reque-rimientos expresados en ésta conllevaría la suspensión in-definida del ejercicio de la abogacía y del notariado, así como la posible imposición de otras sanciones disci-plinarias. Además, la licenciada Fiel Martínez, a pesar de haber comparecido en varias ocasiones mediante mociones informativas que incluían su nueva dirección en sus escri-tos, no la actualizó en el registro de nuestra Secretaría hasta el 14 de octubre de 2010. Independientemente de ello, la abogada sabía de la queja en su contra, al punto de que compareció para solicitarnos una prórroga. Sin embargo, nunca contestó nuestros requerimientos.
En vista de lo anterior, se suspende inmediata e indefi-nidamente del ejercicio de la abogacía y de la notaría a la Leda. Nancy Fiel Martínez. La licenciada Fiel Martínez no-tificará a sus clientes que, por motivo de la suspensión, no puede continuar con su representación legal y les devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, de-berá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, se ordena al Alguacil *433 General de este Tribunal que incaute la obra notarial de la licenciada Fiel Martínez.

Se dictará sentencia de conformidad.