per curiam:
Nuevamente nos vemos obligados a suspender a un miembro de la profesión por incumplir con los requerimientos de este Tribunal sobre un procedimiento disciplinario presentado en su contra. Por los fundamentos que abordamos a continuación, ordenamos la suspensión inmediata e indefinida de la Leda. Janet Rivera Rosado del ejercicio de la abogacía y de la notaría.
I
La Leda. Janet Rivera Rosado fue admitida al ejercicio de la abogacía el 16 de julio de 1998. En noviembre del mismo año prestó juramento como notaría.
El 7 de mayo de 2009, la Sra. Mercedes González pre-sentó ante la Secretaría de este Tribunal una queja contra la licenciada Rivera Rosado porque ésta aparentemente no fue diligente al tramitar un litigio para el cual se le contrató. El Tribunal de Primera Instancia archivó con perjuicio el caso porque los emplazamientos no se diligen-ciaron dentro del término dispuesto en la Regla 4.3 de Pro-cedimiento Civil, 32 L.P.R.A. Ap. III. Siguiendo el procedi-miento correspondiente, el 8 de junio de 2009, la Secretaria de este Tribunal notificó por correo certificado la queja a la licenciada Rivera Rosado y le concedió un término de diez días para que compareciera con sus comentarios y reaccio-nes por escrito en relación con las alegaciones de la queja.
Expirado el término inicial de diez días, la licenciada Rivera Rosado compareció el 15 de julio de 2009 mediante *700 una carta dirigida a la Subsecretaría de este Tribunal y expresó que no había contestado la queja debido a razones de salud. En testimonio de ello, incluyó varios documentos médicos que acreditaban el tratamiento recibido. Además, solicitó que se le concediera una prórroga adicional de no menos de treinta días.
Transcurridas varias semanas y sin recibir comunica-ción alguna de la licenciada Rivera Rosado, el 10 de agosto de 2009, la Subsecretaría del Tribunal envió una segunda carta a Rivera Rosado en la cual le concedió un término adicional de treinta días para presentar la contestación a la queja de autos.
Vencido ese término de treinta días que solicitó la licen-ciada Rivera Rosado, y transcurridos varios meses sin re-cibir contestación, el 27 de mayo de 2010 emitimos una Resolución que se le notificó personalmente el 9 de junio de 2010 mediante un alguacil de este Tribunal. En dicha Re-solución le concedimos un término final de cinco días para contestar la queja. Allí, además, se le apercibió claramente de que incumplir con esa Resolución podría conllevar san-ciones disciplinarias severas, incluso la suspensión del ejercicio de la abogacía y la notaría.
El 16 de junio de 2010, la licenciada Rivera Rosado com-pareció mediante una Moción Informativa Urgente en So-licitud de Prórroga Final por Razones de Salud. En dicha moción alegó que había estado confrontando problemas se-rios de salud, por los que había recibido distintos trata-mientos médicos, incluso tratamiento en descanso. Por esta razón, según adujo, estuvo “alejada de [su] práctica normal por periodos de tiempo”. Moción informativa ur-gente en solicitud de prórroga final por razones de salud de 16 de junio de 2010, pág. 1. También indicó que ha “estado ausente de la oficina por periodos intermitentes”. Id. Por último, solicitó que le concediéramos un término adicional de treinta días para buscar la información necesaria para contestar la queja. Posteriormente, la licenciada Rivera *701 Rosado volvió a comparecer ante nos mediante una moción el 10 de agosto de 2010. Alegó que se había comunicado con la quejosa y estaba tratando de resolver el caso para el cual se le contrató y que dio lugar a la queja de autos. Mencionó varias gestiones que realizó en comunicación con la que-josa y nos informó de un viaje que realizaría para recibir tratamiento médico. Sin embargo, no contestó la queja.
En respuesta a su moción de 10 de agosto de 2010, me-diante Resolución de 9 de septiembre del misino año, le concedimos un término final e improrrogable de veinte días para que diera cumplimiento a nuestra Resolución de 27 de mayo de 2010.
Hoy, la licenciada Rivera Rosado ha comparecido en tres ocasiones distintas, dos de ellas mediante moción y una mediante carta. En ninguna de esas tres ocasiones ha con-testado la queja de la Sra. Mercedes González. Igualmente le hemos concedido infructuosamente cuatro términos dis-tintos para que conteste la queja.
II
Los abogados deben observar rigurosamente nuestros requerimientos y responder oportunamente a los señalamientos que les hacemos como parte del carácter público de la profesión jurídica. In re Morales Rodríguez, 179 D.P.R. 766 (2010); In re Martínez Miranda, 174 D.P.R. 773 (2008); In re Pérez Brasa, 155 D.P.R. 813 (2001). Como se sabe, responder oportunamente a nuestros requerimientos es de vital importancia cuando se trata de un proceso disciplinario sobre su conducta profesional. In re Fiel Martínez, 180 D.P.R. Ap. (2010); In re López de Victoria Brás, 177 D.P.R. 888 (2010).
Cuando un abogado incumple nuestros requerimientos e ignora los apercibimientos de sanciones disciplinarias, incluso el apercibimiento de que su falta de diligencia puede causar que se le separe de la profesión, procede *702 su suspensión inmediata. In re Fiel Martínez, supra; In re Reyes, Rovira, 139 D.P.R. 42 (1995). Aunque una queja sea inmeritoria, los abogados vienen llamados a ser diligentes y responsivos con los requerimientos que hacemos. In re Otero Encarnación, 179 D.P.R. 827 (2010); In re García Vallés, 172 D.P.R. Ap. (2007).
Reiteradamente, hemos expresado que incumplir con los requerimientos de esta Curia representa, por sí, una violación a los cánones de ética profesional. In re Vargas Soto, 146 D.P.R. 55 (1998). Véase Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX (Deber de respeto hacia los tribunales). Constantemente nos vemos forzados a suspender a abogados de la profesión por no cumplir oportunamente con las órdenes de este Foro. In re Fiel Martínez, supra; In re García Vallés, supra; In re Borges Lebrón, 179 D.P.R. Ap. (2010). La indiferencia a nuestra autoridad disciplinaria no se tomará livianamente.
III
En este caso nos encontramos una vez más con una abo-gada que ignora nuestros requerimientos. En síntesis, la licenciada Rivera Rosado no ha contestado nuestra Resolu-ción de 27 de mayo de 2010, a pesar de que le concedimos un término adicional el 9 de septiembre de 2010. Aunque la abogada compareció en varias ocasiones a informarnos so-bre su situación médica, nunca aprovechó esas compare-cencias para contestar la queja presentada en su contra. Como hemos expresado, se le brindaron cuatro términos distintos para que la contestara. Sin embargo, nunca con-testó nuestros requerimientos. Además, se le apercibió en la Resolución de 27 de mayo de 2010, la cual se le diligen-ció personalmente, que su incumplimiento con los requeri-mientos del Tribunal conllevaría sanciones disciplinarias severas, incluso la suspensión al ejercicio de la abogacía.
Por incumplir reiteradamente con los requerimientos de *703 este Tribunal, suspendemos inmediata e indefinidamente a la Leda. Janet Rivera Rosado del ejercicio de la abogacía y la notaría. La licenciada Rivera Rosado notificará a sus clientes que, por motivo de la suspensión, no puede conti-nuar con su representación legal y les devolverá los expe-dientes de cualquier caso pendiente y los honorarios recibi-dos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, se ordena al Alguacil General de este Tribunal que se incaute la obra notarial de la licenciada Rivera Rosado.

Se dictará sentencia de conformidad.