EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  | 2011 TSPR 195 |
|---|---|
| In re: Ovidio López Bocanegra | 183 DPR ____ |

Número del Caso: AB-2011-96

Fecha: 18 de octubre de 2011

Oficina del Procurador General

       Lcda. Leticia Casalduc Rabell
       Subprocuradora General

Materia: Conducta Profesional- La suspensión será efectiva el 15 de diciembre de 2011 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Ovidio López Bocanegra          AB-2011-0096

PER CURIAM

En San Juan, Puerto Rico, a 18 de octubre de 2011.

Una vez más nos vemos precisados a ejercer nuestra facultad disciplinaria contra un miembro de la profesión por incumplir con los requerimientos de este Tribunal. Por las razones que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Ovidio López Bocanegra del ejercicio de la abogacía y la notaría.

I

El pasado 6 de abril de 2011 la Oficina de la Procuradora General presentó un informe ante este Tribunal en el que nos notificó sobre la falta de cumplimiento del Lcdo. Ovidio López Bocanegra con sus requerimientos sobre la queja de epígrafe. En

su comparecencia, la Procuradora General relata que en tres ocasiones se le notificó al abogado sobre la existencia de la queja por alegada conducta profesional impropia, requiriéndole a su vez que se expresara en torno a las alegaciones presentadas en su contra. Del informe se desprenden además los esfuerzos realizados por la Oficina de la Procuradora para comunicarse con el licenciado López Bocanegra mediante llamadas telefónicas sin haber logrado respuesta alguna.

A raíz de la actitud de indiferencia y la desidia demostrada por el letrado, la Procuradora presentó ante nos el informe de referencia. Así, el pasado 5 de mayo de 2011 emitimos una Resolución en la que concedimos un término de diez (10) días al licenciado López Bocanegra para que compareciera ante la Oficina de la Procuradora General a responder los requerimientos cursados. Se le ordenó además que acreditara dentro de ese mismo término el cumplimiento con el mandato de este Tribunal. De igual forma, se le advirtió que el incumplimiento con lo ordenado podía conllevar sanciones severas, incluyendo la suspensión del ejercicio de la profesión. La referida Resolución le fue notificada personalmente al licenciado López Bocanegra por un alguacil del Tribunal el 9 de junio de 2011.

A pesar del tiempo transcurrido, al día de hoy el letrado López Bocanegra no ha comparecido ante la Oficina de la Procuradora General ni tampoco ante este Tribunal. En

vista de lo anterior, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.

## II

En reiteradas ocasiones hemos expresado que todo abogado tiene la ineludible obligación de observar rigurosamente los requerimientos de este Tribunal. *In re Rivera Rosado*, 180 D.P.R. 698 (2011); *In re Morales Rodríguez*, 179 D.P.R. 766 (2011). Asimismo, hemos enfatizado que la naturaleza pública de la profesión de la abogacía impone al abogado el deber de responder oportunamente a todo requerimiento relacionado con investigaciones disciplinarias. Íd., In re Prieto Rivera, 180 D.P.R. 692 (2011); *In re García Incera,* 178 D.P.R. 329 (2009). Resulta ampliamente conocido que el incumplimiento con los requerimientos de la Oficina de la Procuradora General es igualmente reprochable y acarrea las mismas sanciones que la falta de atención a las órdenes de este Tribunal. *In re Arzón Rivera*, 175 D.P.R. 763 (2009). *In re Lasalle Pérez*, 153 D.P.R. 368 (2001).

Cónsono con estos principios, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. *In re* Rivera Rosado, *supra*; *In re* Feliciano Jiménez, 176 D.P.R. 234 (2009); *In re* Arzón Rivera, *supra*. Debe quedar claro que dicha conducta

constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, el cual exige que todo abogado debe observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. Por consiguiente, se configura una falta independiente a los méritos de la queja presentada cuando un abogado incumple con esta disposición ética. *In re* Prieto Rivera, *supra*; *In re* Otero Encarnación, 179 D.P.R. 827 (2010); *In re* Rosado Ramos, 172 D.P.R. 400 (2007). Ello es así debido a que el patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía. *In re* González Barreto, 169 D.P.R. 772 (2006).

Ciertamente, el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Íd., *In re* Escalera Colón, 149 D.P.R. 900 (1999). Dicho proceder constituye un acto de indisciplina, falta de respeto y contumacia hacia este Tribunal que sencillamente no puede ser tolerado. *In re* Guemárez Santiago I, 146 D.P.R. 27 (1998).

III

En el caso de autos, el licenciado López Bocanegra incumplió con su deber de responder oportunamente a los requerimientos de la Oficina de la Procuradora y de este

Tribunal. Vale la pena resaltar que actualmente el referido abogado tiene otro procedimiento disciplinario pendiente a resolución ante este Tribunal. Así también, debemos señalar que el pasado 29 de mayo de 2009, el letrado recibió una censura enérgica por este Tribunal a raíz de no haber observado los deberes que le imponen los Cánones 12, 18 y 19 de Ética Profesional, *supra*, a todo abogado en el desempeño de sus funciones.[1]

En vista de lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía y de la notaría al señor López Bocanegra. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial de López Bocanegra y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

---

[1] Véase Resolución emitida el 29 de mayo de 2009.

Notifíquese personalmente esta Opinión al Sr. Ovidio López Bocanegra por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re: Ovidio López Bocanegra          AB-2011-0096




SENTENCIA


En San Juan, Puerto Rico, a 18 de octubre de 2011.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente a Ovidio López Bocanegra del ejercicio de la abogacía y la notaría.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajo no realizado e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo