per curiam:
Una vez más nos vemos precisados a ejercer nuestra facultad disciplinaria contra un miembro de la profesión por incumplir con los requerimientos de este Tribunal. Por las razones que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Ledo. *225 Ovidio López Bocanegra del ejercicio de la abogacía y la notaría.
III
El pasado 6 de abril de 2011 la Oficina de la Procura-dora General presentó un informe ante este Tribunal en el que nos notificó el incumplimiento del Ledo. Ovidio López Bocanegra con sus requerimientos sobre la queja de epígrafe. En su comparecencia, la Procuradora General re-lata que en tres ocasiones se le notificó al abogado sobre la existencia de la queja por alegada conducta profesional im-propia requiriéndole, a su vez, que se expresara en tomo a las alegaciones presentadas en su contra. Del informe se desprenden, además, los esfuerzos realizados por la Ofi-cina de la Procuradora para comunicarse con el licenciado López Bocanegra mediante llamadas telefónicas sin haber logrado respuesta alguna.
A raíz de la actitud de indiferencia y la desidia demos-trada por el letrado, la Procuradora presentó ante nos el informe de referencia. Así, el pasado 5 de mayo de 2011 emitimos una Resolución en la que concedimos un término de diez días al licenciado López Bocanegra para que com-pareciera ante la Oficina de la Procuradora General a responder los requerimientos cursados. Se le ordenó, además, que dentro de ese mismo término acreditara el cumpli-miento con el mandato de este Tribunal. De igual forma, se le advirtió que el incumplimiento con lo ordenado podía conllevar sanciones severas, incluyendo la suspensión del ejercicio de la profesión. La referida Resolución le fue no-tificada personalmente al licenciado López Bocanegra por un alguacil del Tribunal el 9 de jimio de 2011.
A pesar del tiempo transcurrido, aún hoy el letrado Ló-pez Bocanegra no ha comparecido ante la Oficina de la Procuradora General ni ante este Tribunal. En vista de lo *226 anterior, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.
II
En reiteradas ocasiones hemos expresado que todo abogado tiene la ineludible obligación de observar rigurosamente los requerimientos de este Tribunal. In re Rivera Rosado, 180 D.P.R. 698 (2011); In re Morales Rodríguez, 179 D.P.R. 766 (2010). Asimismo, hemos enfatizado que la naturaleza pública de la profesión de la abogacía impone al abogado el deber de responder oportunamente a todo requerimiento relacionado con investigaciones disciplinarias. íd.; In re Prieto Rivera, 180 D.P.R. 692 (2011); In re García Incera, 177 D.P.R. 329 (2009). Resulta ampliamente conocido que el incumplimiento con los requerimientos de la Oficina de la Procuradora General es igualmente reprochable y acarrea las mismas sanciones que la falta de atención a las órdenes de este Tribunal. In re Arzón Rivera, 175 D.P.R. 763 (2009); In re Lasalle Pérez, 153 D.P.R. 368 (2001).
Cónsono con estos principios, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente a los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. In re Rivera Rosado, supra; In re Feliciano Jiménez, 176 D.P.R. 234 (2009); In re Arzón Rivera, supra. Debe quedar claro que dicha conducta constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, el cual exige que todo abogado debe observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. Por consiguiente, se configura una falta independiente a los méritos de la queja presentada cuando un abogado incumple con esta disposición ética. In re Prieto Rivera, supra; In re Otero Encarnación, 179 D.P.R. 827 (2010); In re Rosado Ramos, 172 *227 D.P.R. 400 (2007). Ello es así debido a que el patrón de dejadez e incumplimiento con nuestras órdenes en la es-fera disciplinaria es incompatible con el ejercicio de la abogacía. In re González Barreto, 169 D.P.R. 772 (2006).
Ciertamente, el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Id.; In re Escalona Colón, 149 D.P.R. 900 (1999). Dicho proceder constituye un acto de indisciplina, de falta de respeto y de contumacia hacia este Tribunal que sencillamente no puede ser tolerado. In re Guemárez Santiago I, 146 D.P.R. 27 (1998).
III
En el caso de autos, el licenciado López Bocanegra in-cumplió con su deber de responder oportunamente a los requerimientos de la Oficina de la Procuradora y de este Tribunal. Vale la pena resaltar que actualmente el referido abogado tiene otro procedimiento disciplinario pendiente ante este Tribunal. Así también, debemos señalar que el pasado 29 de mayo de 2009, el letrado recibió una cen-sura enérgica por este Tribunal por no haber observado los deberes que imponen los Cánones 12, 18 y 19 de Etica Profesional, supra, a todo abogado en el desempeño de sus funciones.(1)
En vista de lo anterior, se suspende inmediata e indefini-damente del ejercicio de la abogacía y de la notaría al señor López Bocanegra. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representán-dolos, de devolverles cualesquiera honorarios recibidos por trabajos no realizados y de informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribu *228 nal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión per curiam y Sentencia.
Finalmente, el Alguacil de este Tribunal deberá incau-tar la obra y el sello notarial de López Bocanegra y entre-garlos a la Directora de la Oficina de Inspección de Nota-rías para la correspondiente investigación e informe. La Oficina del Alguacil de este Tribunal debe notificar perso-nalmente esta opinión al Sr. Ovidio López Bocanegra.

Se dictará Sentencia de conformidad.

 Véase Resolución emitida el 29 de mayo de 2009.