EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Segundo Meléndez Zayas | 2013 TSPR 23 <br><br> 187 DPR ____ |

Número del Caso: AB-2012-127

Fecha: 19 de febrero de 2013

Materia: Conducta Profesional – La suspensión será efectiva el 26 de febrero de 2013 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Segundo Meléndez Zayas       AB-2012-127

PER CURIAM

En San Juan, Puerto Rico, a 19 de febrero de 2013.

Reiteradamente, hemos sido enfáticos en resaltar la importancia que reviste el que los abogados cumplan con las órdenes impartidas por nuestros tribunales. En esta ocasión, nos vemos en la obligación de ordenar la suspensión inmediata e indefinida del Lcdo. Segundo Meléndez Zayas del ejercicio de la abogacía y la notaría por incumplir con los requerimientos de este Tribunal.

I

El Lcdo. Segundo Meléndez Zayas fue admitido al ejercicio de la abogacía el 28 de junio de 1989 y, posteriormente, al ejercicio de la notaría el 9 de agosto del mismo año. El 3 de abril de 2012 el Sr. Alfredo Cardel Montalvo y la Sra. Maricel del Carmen Mercader Antunez presentaron ante nos una queja disciplinaria contra el abogado de epígrafe,

en la cual alegaron que para el año 2004 otorgaron una escritura de liberación, segregación y compraventa ante este último[1]. Además, que luego de realizado un estudio de título por la Sra. Odette González Ortiz, advinieron en conocimiento que la escritura de compraventa no ha sido debidamente inscrita en el Registro de la Propiedad, Sección de San Germán.

Posteriormente, el 26 de abril de 2012, la subsecretaria del Tribunal Supremo cursó comunicación al licenciado Meléndez Zayas en la cual se le concedió un término de diez (10) días para que tuviera oportunidad de contestar la queja presentada. La misiva fue cursada mediante correo certificado a la dirección que obra en nuestro Registro. Según la boleta de cotejo, esta fue recibida y firmada por el propio licenciado Meléndez Zayas.

No obstante lo anterior, el señor Meléndez Zayas nunca compareció. Por ello, el 3 de julio de 2012 se le envió una segunda notificación, la cual también fue recibida y firmada por el propio letrado. Así las cosas, el 10 de septiembre de 2012 emitimos una Resolución en la cual concedimos al licenciado Meléndez Zayas un término final de cinco (5) días para que compareciera ante este Tribunal y contestara la queja presentada. Asimismo, se le apercibió que el incumplimiento con nuestra Resolución podía conllevar sanciones disciplinarias severas, incluyendo la

---

[1] Cabe señalar que se han presentado dos quejas adicionales en contra del licenciado Meléndez Zayas que se encuentran pendientes ante este Tribunal. Véanse, Quejas AB-2012-109 y AB-2011-373.

suspensión del ejercicio de la profesión. En esa ocasión, ordenamos que la Resolución se notificara personalmente al letrado Meléndez Zayas por la Oficina del Alguacil de este Tribunal.

A pesar de todos los trámites anteriormente reseñados, al día de hoy el Lcdo. Segundo Meléndez Zayas no ha comparecido a contestar la queja ni ha cumplido con el requerimiento de nuestra Resolución.

II

En reiteradas ocasiones hemos expresado que todo abogado tiene la ineludible obligación de observar rigurosamente los requerimientos de este Tribunal. In re Montes Díaz, 184 D.P.R. 90, 93 (2012); In re Rivera Rosado, 180 D.P.R. 698 (2011). Asimismo, hemos enfatizado que la obligación de contestar con premura y diligencia se agudiza cuando las órdenes del Tribunal se refieren a procedimientos relacionados con la conducta profesional de los letrados. In re Martínez Class, 184 D.P.R. 1050 (2012); In re Rosario Martínez, 184 D.P.R. 494, 498 (2012).

De igual manera, hemos señalado que desatender las órdenes judiciales constituye, en sí mismo, una violación a los Cánones de Ética Profesional. In re Buono Colón, 2012 T.S.P.R. 177, 187 D.P.R. ___ (2012); In re Fiel Martínez, 180 D.P.R. 426 (2010). Véase, además, Canon 9 del Código de Ética Profesional, 4 L.P.R.A. ap. IX C.9, respecto a la exigencia de respeto hacia los tribunales. Por consiguiente, se configura una falta independiente a los

méritos de la queja presentada cuando un abogado incumple con esta disposición ética. In re Montes Díaz, supra; In re Otero Encarnación, 179 D.P.R. 827 (2010); In re Rosado Ramos, 172 D.P.R. 400 (2007).

Cónsono con estos principios, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. In re Morales Rodríguez, 179 D.P.R. 766 (2010); In re Feliciano Jiménez, 176 D.P.R. 234 (2009). Ello es así debido a que el patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía. In re González Barreto, 169 D.P.R. 772 (2006).

Como corolario de la doctrina, esta Curia ha resuelto que los abogados están obligados a cumplir con nuestros requerimientos aunque la acción disciplinaria que se ha iniciado mediante queja sea inmeritoria. In re Rojas Rojas, 185 D.P.R. 405, 407-408 (2012); In re García Vallés, 172 D.P.R. Ap. (2007).

III

En el caso de autos, el señor Meléndez Zayas incumplió con su deber de responder oportunamente a la queja presentada en su contra y a los requerimientos de este Tribunal. Esto, a pesar de que el propio querellado recibió personalmente dos notificaciones enviadas por correo certificado y una Resolución notificada personalmente por

la Oficina del Alguacil de este Tribunal. Sus acciones reflejan un comportamiento desidioso e indiferente, considerado inaceptable para un miembro de la profesión legal.

En vista de lo anterior, decretamos su suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría, según se le había apercibido. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Meléndez Zayas y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Segundo Meléndez Zayas

AB-2012-127

SENTENCIA

En San Juan, Puerto Rico, a 19 de febrero de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría al Lcdo. Segundo Meléndez Zayas por incumplir con su deber de responder oportunamente a los requerimientos de este Tribunal.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Meléndez Zayas y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                              Aida I. Oquendo Graulau
                           Secretaria del Tribunal Supremo