per curiam:
Reiteradamente hemos sido enfáticos en re-saltar la importancia que reviste el que los abogados cum-plan con las órdenes impartidas por nuestros tribunales. En esta ocasión, nos vemos en la obligación de ordenar la suspensión inmediata e indefinida del Ledo. Segundo Me-léndez Zayas del ejercicio de la abogacía y la notaría por incumplir con los requerimientos de este Tribunal.
I
El Ledo. Segundo Meléndez Zayas fue admitido al ejer-cicio de la abogacía el 28 de junio de 1989 y, posterior-mente, al ejercicio de la notaría el 9 de agosto del mismo año. El 3 de abril de 2012, el Sr. Alfredo Cardel Montalvo y la Sra. Maricel del Carmen Mercader Antunez presentaron ante nos una queja disciplinaria contra el abogado de epí-grafe, en la cual alegaron que para el 2004 otorgaron una escritura de liberación, segregación y compraventa ante *832 este último.(1) Además, que luego de realizado un estudio de título por la Sra. Odette González Ortiz, supieron que la escritura de compraventa no había sido debidamente ins-crita en el Registro de la Propiedad, Sección de San Germán.
Posteriormente, el 26 de abril de 2012, la subsecretaría del Tribunal Supremo cursó comunicación al licenciado Meléndez Zayas en la cual se le concedió un término de diez días para que tuviera oportunidad de contestar la queja presentada. La misiva fue cursada mediante correo certificado a la dirección que obra en nuestro Registro. Se-gún la boleta de cotejo, esta fue recibida y firmada por el propio licenciado Meléndez Zayas.
No obstante lo anterior, el señor Meléndez Zayas nunca compareció. Por ello, el 3 de julio de 2012 se le envió una segunda notificación, la cual también fue recibida y fir-mada por el propio letrado. Así las cosas, el 10 de septiem-bre de 2012 emitimos una Resolución en la cual concedi-mos al licenciado Meléndez Zayas un término final de cinco días para que compareciera ante este Tribunal y contes-tara la queja presentada. Asimismo, se le apercibió de que el incumplimiento con nuestra Resolución podía conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. En esa ocasión, ordenamos que la Resolución se notificara personalmente al letrado Me-léndez Zayas por la Oficina del Alguacil de este Tribunal.
A pesar de todos los trámites reseñados, al día de hoy el Ledo. Segundo Meléndez Zayas no ha comparecido a con-testar la queja ni ha cumplido con el requerimiento de nuestra Resolución.
*833 H-1 I — I
En reiteradas ocasiones hemos expresado que todo abogado tiene la ineludible obligación de observar rigurosamente los requerimientos de este Tribunal. In re Montes Díaz, 184 D.P.R. 90, 93 (2011); In re Rivera Rosado, 180 D.P.R. 698 (2011). Asimismo, hemos enfatizado que la obligación de contestar con premura y diligencia se agudiza cuando las órdenes del Tribunal se refieren a procedimientos relacionados con la conducta profesional de los letrados. In re Martínez Class, 184 D.P.R. Ap. (2012); In re Rosario Martínez, 184 D.P.R. 494, 498 (2012).
De igual manera, hemos señalado que desatender las órdenes judiciales constituye, en sí misma, una violación a los Cánones del Código de Ética Profesional. In re Buono Colón, 187 D.P.R. 379 (2012); In re Fiel Martínez, 180 D.P.R. 426 (2010). Véase, además, Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, respecto a la exigencia de respeto hacia los tribunales. Por consiguiente, se configura una falta independiente a los méritos de la queja presentada cuando un abogado incumple con esta disposición ética. In re Montes Díaz, supra; In re Otero Encarnación, 179 D.P.R. 827 (2010); In re Rosado Ramos, 172 D.P.R. 400 (2007).
Cónsono con estos principios, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. In re Morales Rodríguez, 179 D.P.R. 766 (2010); In re Feliciano Jiménez, 176 D.P.R. 234 (2009). Ello es así debido a que el patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía. In re González Barreto, 169 D.P.R. 772 (2006).
Como corolario de la doctrina, esta Curia ha resuelto *834 que los abogados están obligados a cumplir con nuestros requerimientos aunque la acción disciplinaria que se ha iniciado mediante queja sea inmeritoria. In re Rojas Rojas, 185 D.P.R. 405, 407-408 (2012); In re García Vallés, 172 D.P.R. Ap. (2007).
I — I hH l — i
En el caso de autos, el señor Meléndez Zayas incumplió con su deber de responder oportunamente a la queja pre-sentada en su contra y a los requerimientos de este Tribunal. Esto, a pesar de que el propio querellado recibió personalmente dos notificaciones enviadas por correo cer-tificado y una resolución notificada personalmente por la Oficina del Alguacil de este Tribunal. Sus acciones reflejan un comportamiento desidioso e indiferente, considerado in-aceptable para un miembro de la profesión legal.
En vista de lo anterior, decretamos su suspensión inde-finida e inmediata del ejercicio de la abogacía y de la nota-ría, según se le había apercibido. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspen-sión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y cer-tificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días a partir de la notifica-ción de esta opinión per curiam y sentencia.
Finalmente, el Alguacil de este Tribunal deberá incau-tar la obra y el sello notarial del señor Meléndez Zayas y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 Cabe señalar que se han presentado dos quejas adicionales contra el licen-ciado Meléndez Zayas que se encuentran pendientes ante este Tribunal. Véanse Quejas AB-2012-109 y AB-2011-373.